[Payne v. Mathis.]

# Payne *v.* Mathis.

*Statutory Action in nature of Ejectment.*

| 92 | 585 |
| 95 | 404 |

| 92 | 585 |
| 96 | 409 |
| 96 | 559 |
| 96 | 607 |
| 97 | 124 |

1. *Patent or deed to "heirs" of decedent.*—A patent or deed to "the heirs of" a deceased person is not void for uncertainty, since the persons who are intended can be ascertained and identified by extrinsic evidence.

2. *General charge on evidence.*—When the evidence is conflicting, or when different inferences may reasonably be drawn from it, the general affirmative charge should never be given in favor of either party.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a statutory action of ejectment, brought by the appellees, as heirs at law of Gabriel Mathis, against the appellant, E. B. Payne; and sought to recover the possession of certain lands, described in the complaint. Issue was joined on the plea of not guilty.

Upon the trial of the cause, as is shown by the bill of exceptions, the plaintiff offered to introduce in evidence a patent issued by the United States Government to "the heirs of Gabriel T. Mathis, deceased," which bore date, September 29, 1888. The defendant excepted to the introduction of this patent in evidence on the ground, that it was void for uncertainty. The court overruled the objection, and permitted the patent to be introduced, and the defendant excepted. The plaintiff then offered evidence to show that the persons suing in this case were the heirs at law of Gabriel T. Mathis; and that said Mathis and his wife had died some time prior to the bringing of this suit. The defendant introduced evidence tending to show that he, and those whose possession he held, had been in adverse possession of the land sued for for a period of ten years next before the commencement of this suit. The plaintiffs then offered evidence in rebuttal, tending to show that the defendant, and those whose possession he held, had not been in adverse possession of the land sued for, for a period of ten years next before the commencement of this action. This was substantially all the evidence, and the defendant thereupon requested the court to charge the jury, "that if they believed the evidence, they must find for the defendant." The court refused to give this charge, and the defendant duly

excepted. There was judgment for the plaintiffs; and the defendant brings this appeal, and assigns as error the two rulings of the court, as shown above.

H. L. MARTIN, for appellant, cited 5 Ala. 280; 22 Ala. 673; 2 Brick. Dig. p. 132, § 12; Revised Statutes (2d Ed.) § 2291.

H. H. BLACKMAN, *contra*, cited *Case v. Edgeworth*, 87 Ala. 203, and authorities there cited.

STONE, C. J.—There are only two assignments of error in this record, which are based on the only rulings of the lower court to which exceptions were reserved.

1. The court did not err in overruling defendant's objection to the introduction in evidence of the Government patent to the land sued for. The patent grants to "the heirs of Gabriel T. Mathis, deceased," the land in controversy. There is no such uncertainty in this description of the grantees as would render the patent void. A description of a grantor or grantee is sufficiently certain, if he can be identified by the proper application of the maxim, *id certum est quod certum reddi potest.*—*Madden v. Floyd*, 69 Ala. 221; *Jones v. Morris*, 61 Ala. 518. "A deed made to the *heirs at law*, of a deceased person is good, because the persons who are to take can be ascertained by extrinsic testimony."—*Shaw v. Loud*, 12 Mass. 447.

2. There being conflict in the testimony, the general affirmative charge should not have been given in favor of defendant. When the evidence is conflicting, or different inferences can be reasonably drawn from it, the general affirmative charge should never be given in favor of either party.—*Sublett v. Hodges*, 88 Ala. 491; *Tabler v. Sheffield L. I. & C. Co.*, 87 Ala. 305, and authorities cited.

Affirmed.