# Bromley *v.* Birmingham Mineral Railroad Co.

*Action for Damages against Railroad Company, by Administrator of Deceased Brakeman.*

| | |
|---|---|
| 95 | 397 |
| 98 | 158 |
| 95 | 397 |
| 99 | 162 |
| 95 | 397 |
| 102 | 630 |
| 95 | 397 |
| 105 | 607 |
| 95 | 397 |
| 110 | 175 |
| 95 | 397 |
| 114 | 145 |
| 114 | 534 |
| 95 | 397 |
| 120 | 263 |
| 95 | 397 |
| d131 | 422 |
| 95 | 397 |
| 144 | 264 |

1. *Error without injury in rulings on pleadings.*—The sustaining of a demurrer to the original complaint, if erroneous, is error without injury, when the record shows that the plaintiff had the full benefit of the same issues under the amended complaint.

2. *Proof of negligence and consequent injury.*—In an action to recover damages for personal injuries, it is not enough for the plaintiff to show negligence on the part of the defendant and injury to himself, but he must adduce some evidence tending to show that the injury resulted from the negligence, and the instinct of self-preservation on his part can not supply the place of this; yet, where there is any evidence from which the jury might legally infer a causal connection between the negligence and the injury, the question should be submitted to them.

3. *Same; injuries to brakeman on top of car.*—Plaintiff's intestate, a brakeman on a freight train which had separated into two parts, and whose duty it was at once to apply the brakes, was last seen alive while standing near the brake on top of a rear car, and a few moments afterwards, the car having run over him, his body was found lying between the rails. No one saw him fall, and there was no evidence as to the circumstances immediately attending his death; but it was shown that there was a foot-board across the top of the car for him to walk on, and a hole three or four feet wide in the car which extended to or under the foot-board, and the existence of which was known to the conductor. *Held*, that the question should have been submitted to the jury whether the hole in the roof caused the injury.

4. *General charge on evidence.*—The proper test as to whether the court should give the affirmative charge seems to be, whether the court would be justified in sustaining a demurrer to the evidence.

5. *Proof of relationship and dependency, as affecting measure of damages.*—In a statutory action against the employer, by the personal representative of a deceased employe (Code, § 2590), it is not error to exclude proof of the fact that the deceased left a wife and minor

child dependent on him, unless followed by an offer to prove his expenditures on their account. When such additional evidence is adduced, the measure of recovery is declared in *L. & N. Railroad Co. v. Trammell*, 93 Ala. 350, and *McAdory v. L. & N. Railroad Co.*, 94 Ala. 272.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAS. B. HEAD.

BOWMAN & HARSH, for appellant.

HEWITT, WALKER & PORTER, *contra*.

COLEMAN, J.—This action was brought to recover damages for personal injuries to plaintiff's intestate, James C. Grant, who was an employe of defendant as a brakeman, and which resulted in his death. The original complaint contained two counts. The court sustained a demurrer to each of these counts. The plaintiff amended his complaint by adding a third count, upon which issue was joined. The court gave the general affirmative charge to the jury, to find for the defendant. It is insisted that the court erred in sustaining the demurrer to the first and second counts. The plaintiff had the benefit of every issue under the third count, which could have been raised under the first and second counts, to which the demurrer was sustained. If the court erred in sustaining the demurrer, it was error without injury.—*Gilman v. Jones*, 87 Ala. 704; *Sharp v. First National Bank*, 87 Ala. 644.

The facts show that deceased was a brakeman in the employ of the defendant railroad company; that as the train was running between Bessemer and Redding, it separated into two sections; that the much larger section attached to the engine moved more rapidly forward; and that deceased was on the hindmost section, which was composed of only a caboose and box-car. The evidence also shows that, when a train separates into two parts, it becomes the duty of the brakeman to apply the brakes, and stop the cars with all practicable dispatch. There was no evidence offered by plaintiff to sustain the charge of negligence in the management and control of the engine and cars by the conductor and engineer, or that the side-ladder mentioned in the complaint was loose or defective, or that there was any defect in the brake-rod or brake-wheel. The evidence showed that the box-car was broken on top at the right-hand corner facing the engine. The evidence shows that this hole was known to the conductor before the injury, and had not been

[Bromley v. Birmingham Mineral R. R. Co.]

remedied. The evidence does not show how long deceased had been in the employ of the defendant, or whether he was an experienced brakeman, or that his attention had been called to the defect in the top of the box-car. It is presumable that he could not approach that end of the car in the day-time without seeing the hole. The evidence shows that the box-car was about eight feet in width ; that there was a foot-board for the use of brakemen, about two feet wide, on top of the car, running along its centre from one end of the box-car to the other. If the hole in the top of the box-car was three or four feet square, the break would extend near or to the middle of the car ; but there was no evidence to show that the foot-board was crushed, or that the hole in the top of the car rendered the foot-board less secure as a standing-place. There was no evidence on these questions. The evidence shows that the brakes were at the end of the cars ; but whether to one side of the centre, and which side, or in the centre of the car, is not shown. It is shown that a brakeman must stand on top of the box-cars to set up brakes ; but whether this duty is performed by standing on the foot-board, or to one side, is not proven. No one saw deceased when he fell, or knew where he was precisely at the time of his fall, or what he was doing, or what caused his fall.

· If the facts and circumstances proven are such that a jury would be authorized to legally infer that deceased was engaged in the performance of his duties as brakeman ; that the hole in the top of the box-car was the proximate cause of the injury and if there was no evidence of contributory negligence, then the court was not authorized to give the general charge for the defendant; but, under such proof, the question. should have been submitted to the jury. If, however, the facts proven leave the question as to what caused the injury wholly in conjecture, as distinguished from legal inference, there was nothing to submit to a jury. The burden is upon the plaintiff to make out his case. He must not only aver and prove both an injury and negligence, but he must go further and establish a proximate causal connection between the injury and the negligence.

The witness Brandon testified as follows : "I last saw Grant standing on the box-car, just a few minutes before I saw him on the track dead. The cars were parted when I last saw him standing on this car. I did not see him fall. He did not fall at the time the cars parted, but after they had parted and gotten a considerable distance apart." And being recalled, testified further, "The corner of the car was

torn up. After the cars broke in two, Grant was standing at this brake." The witness Dangair testified, that he was in the caboose with the conductor when "the conductor detected that something unusual had gone over on the track, and looked out the back door and saw a man." When they went back, "they discovered it was Grant, and that he had been run over," &c. The testimony shows that he was lying on the track "between the rails." As we have said, no one saw decedent when he fell, or testified as to what part of the car he was upon, or what he was doing, precisely at the time of his fall.

In *Burns v. Chicago, Milwaukee & St. Paul Railway Co.*, 69 Iowa, 450, the following facts and propositions of law as applicable thereto are stated: Plaintiff's son, an experienced brakeman, when last seen alive, was performing his duty in setting the brakes on a freight car on which he was riding. A minute later, the train having separated at the first coupling in front of him, he was thrown to the ground, run over by the rear end of the train, and killed. Although there was no other evidence bearing on the question of negligence, or of freedom from it on his part, "*held* that the court was justified in submitting it to the jury, in an action against the company for negligence." The court uses this further language: "We are not prepared to say there was no evidence which authorized the court to submit the question of due care on the part of the deceased to the jury, who had the right to consider all the circumstances, including the known habits of the deceased, and the instinct of self-preservation with which all men are imbued. *If the cause or manner of the death were wholly unknown, it may be that a different rule should prevail.*" We italicise the last sentence.

In the case of *Allen v. Willard*, 57 Penn. St. Rep. 38, the facts were, that Allen was found dead in a pit or cellar which had been extended out into the side-walk, about two and a half feet, and left unguarded. It was shown that Allen was a sober, careful man, whose business called him to pass the night he fell into the pit, along the side-walk. The court held: "The natural instinct which leads men in their sober senses to avoid injury and to preserve life, is an element of evidence. In all questions touching the conduct of men, motive, feeling and natural instincts are allowed to have their weight, and to constitute evidence for the consideration of courts and juries. Adding these to the circumstances of the case, we can not say that the evidence was insufficient to go to the jury as proof of actual neglect on the part of the

defendants.   We discover nothing from which an inference could be justly drawn of concurring negligence on the part of the deceased.   It was sufficient to justify a finding that Willard came to his death by an accidental fall into the cellar, and that this was owing to the unguarded condition of the cellar on that night."   In this case, the rule was recognized, that it must be shown by affirmative evidence that the injury was caused solely by the negligence of the defendant; but the court held to the doctrine that "the proof need not be direct and positive, by some one who witnessed the occurrence, and saw how it happened, but it must be such as shall satisfy reasonable and well-balanced minds that it was the result of the negligence of the defendants."

In the case of *Strong v. City of Stephens Point*, 62 Wis. 255, the facts were, that Edward Strong, a boy, was seen crossing a bridge over a slough, and going in the direction of a hole in the bridge.   The attention of the witness was diverted for a few seconds, and when he looked back the boy had disappeared.   His hat and body were found in the water underneath, and a few feet west of the hole, in the direction of the current.   It was contended that there was no evidence that the boy fell through the hole.   The court held, that though the testimony was circumstantial, the fact that the boy was seen on the bridge near the hole, just before he disappeared, the place where the body and hat were found, in relation to the hole, indicated that he had fallen through it, and was sufficient to warrant the jury in finding that such was the manner of his death.

In the case of *Gay v. Winter*, 34 Cal. 164, after referring to the case of *Lane v. Crombie*, 12 Pick. 176, which held that the burden of the proof was on plaintiff, not only to show negligence and misconduct on the part of the defendant, but ordinary care and diligence on his part, and failing in this, there is no case for the jury, the California court declares the rule as follows :   "While we admit the general rule to be, that the burden of proof is on the plaintiff to make a case which will leave him blameless, we do not understand that he must prove affirmatively, in all cases, that he exercised ordinary care and diligence.   In the absence of any direct proof, we are of the opinion that the jury are at liberty to infer ordinary care and diligence on the part of plaintiff from all the circumstances of the case, his character and habits, and the natural instincts of self-preservation.   If the plaintiff makes a case which does not charge him with negligence, we think his case should be allowed to go to the jury, with instructions that, if

the plaintiff's intestate did not exercise ordinary care and diligence, he could not recover."

In the case of *Corcoran v. Boston & Albany R. Co.*, 133 Mass. 507, the facts were, that plaintiff's intestate was a brakeman in the employ of the defendant. On the night he was killed, the train was passing through a cut, the sides of which were of rock, and the rail was five or six feet from the face of the rock. Ice had formed on the side of the rock, and projected about two feet; the freight car projected twenty-four inches beyond the rail, and a man on a ladder on the side of the car would project from one to two feet. It was the duty of the brakeman to ascend a ladder on the side of a house car to set the brakes on that car. His lighted lantern was seen on the top of this car, and was afterwards found there. An impression was found in the snow, indicating that something heavy had fallen there, by the side of the track, just east of the place where the ice on the side of the cut came nearest to the track. Blood spots were found some distance east of this point, and it was further away that the body was found. It was the duty of the section men employed by the defendant to see that the cut was kept in proper and safe condition and free from ice. The trial judge ordered a verdict for the defendant. On appeal, the court held that "the burden of proof is upon the plaintiff to show that her intestate was using due care when the accident happened." . . . "It it impossible" (says the court) "to tell from the evidence how the intestate fell from the cars, what he was doing at the time, whether his death was instantaneous, or whether he endured any conscious suffering before his death. These questions are left to conjecture." It was held that the trial court rightly directed a verdict for the defendant.

In the case of *Riley v. Connecticut River Railroad Co.*, the facts were, that the deceased brakeman was last seen alive within about a quarter of mile southerly of the bridge, standing on a box-car in the regular discharge of his duties; that the rear of the box-car was next to a platform car; that he was next seen dead on the track about one hundred rods on the north side of the bridge. There was no blood on the track within about sixty rods north of the bridge, but from there to the body there was blood on the track. There was blood on the trucks of the platform car. The watch of deceased was found on the platform car. The evidence showed that a person standing on the box-car would come in contact with the bridge at the time of passing. There was no warning signals, guards or "tell-tales," main-

[Bromley v. Birmingham Mineral R. R. Co.]

tained to warn brakemen of approaching danger. Upon this evidence it was contended that the jury might infer due care and diligence on the part of the intestate. The judge directed a verdict for the defendant. This ruling was affirmed on appeal, the court holding that the evidence wholly failed to show that the intestate was using due care, or that his death was not instantaneous.

The general rule is stated by Earle, J. in the case of *Cordell v. N. Y. Central & Hudson River R. R. Co.*, 75 N. Y. 332, as follows : "To maintain the action, the plaintiff must show that the death of the intestate was caused solely by the negligence of the defendant, and this must be shown by competent proof. It must not be left to mere speculation. When a person has been killed at a railroad crossing, and there are no witnesses of the accident, the circumstances must be such as to show that the deceased exercised proper care for his own safety. When the circumstances point just as much to the negligence of the deceased as to its absence, or point in neither direction, the plaintiff should be non-suited. The presumption that every person will take care of himself from regard to his own life and safety can not take the place of proof, because human experience shows that persons exposed to danger will frequently forego the ordinary precautions of safety."

Other cases might be cited from different States, some of which follow the rule as declared in the cases cited from Massachusetts and New York, and others that declared in the cases cited from Pennsylvania, Wisconsin and California. Many are collected and cited in the notes to the 4th volume of Amer. & Eng. Encyc., p. 76.

In this State the rule is firmly established, that contributory negligence is matter of defense ; that it is incumbent on the defendant to plead it, and the burden rests on the defense to sustain the plea by proof, unless the evidence offered by the plaintiff in support of his case establishes contributory negligence on his part, in which event it can not be held that he has made out his own case. Contributory negligence being matter purely defensive under our decisions, it must follow that there are no presumptions against a plaintiff of a want of due care and diligence on his part, and that there is no burden on him to prove affirmatively that he exercised due care and diligence. The burden of proving contributory negligence resting on the defendant, it follows that where the proof shows injury, caused by the culpable negligence of the defendant, and the proof is wholly silent as to contributory negligence,

the plaintiff is entitled to recover. In this respect the rule is different in this State from that which prevails in Massachusetts and some other States. Those citations from Massachusetts further show that habits of prudence and skill, and the instinct of self-preservation, are not regarded as elements of evidence.

The general rule prevailing in this State in regard to giving the general affirmative charge is, that when the evidence is conflicting, or where different inferences can be reasonably drawn from the evidence, or where there is any evidence tending to establish the case of the other party, the general affirmative charge should never be given.—*Payne v. Mathis*, 92 Ala. 585; *Bowden v. State*, 91 Ala. 61; *Railroad Co. v. Propst*, 90 Ala. 1; *Railroad Co. v. Smith*, 90 Ala. 25. Applying these principles to the facts of the present case, were there any facts in evidence which tended to show that the hole in the top of the car was the cause of the death of plaintiff's intestate? The cars having separated, it became the duty of the brakeman immediately to set up brakes. He was last seen alive at the end of the car where the brakes were. The car was eight feet wide. On the top of the car, at the right-hand corner at the end where the brakes were, there was a hole three or four feet long, according to one witness, and three or four feet square according to another witness. If the extreme of the latter testimony be true, the hole extended to the middle of the car, and under the centre foot-board, upon which the brakeman was required to walk. The evidence tends to show that deceased, when first seen after his fall, was lying between the rails of the track, just after he was run over by these cars. The question presented is not, what the weight of the evidence establishes, or whether, if the court under the statute had tried the facts and found the issue for the defendant, the proof was sufficient to sustain the judgment of the court, but, as the facts were to be submitted to a jury, the real question is, under the principles of law we have declared, were there any facts and circumstances which tended to show that the defect in the top of the car caused him to fall, or would such an inference lie wholly in conjecture. The proper test as to whether the court should give the affirmative charge at last seems to be, would the court be justified in sustaining a demurrer to the evidence.

In the case of *Allen v. Willard*, 57 Penn. St. Rep., *supra*, it was evident that Allen came to his death by falling in the unexpected pit, and the question was one of care on his part. So, in the case of *Strong*, 62 Wis., *supra*, the proof

was sufficient to show that the boy came to his death by falling through the hole in the bridge, and the only question was as to contributory negligence by the deceased. In the Massachusetts case, 133 Mass. *supra*, although the proof showed an impression in the snow as if a heavy body had fallen there, just where the ice projected, the court held that the proof was not sufficient to submit the question of care to a jury. The Iowa case, 62 Iowa, 450, *supra*, is more analogous; but even in this case, the court assumes that the deceased was thrown to the ground in consequence of the negligent uncoupling of the cars; and adds, as we have stated above, "If the cause or manner of the death were wholly unknown, it may be that a different rule should prevail." There was no evidence introduced as to the habits of prudence and skill of the deceased, and how far these, if at all, constitute proper elements of evidence, need not be considered. See the case of *Mem. & Chas. R. R. Co. v. Glass*, 94 Ala. 581, on this point. In our opinion, the natural instincts of self-preservation may be regarded as evidence, or proof, only so far as that when the injury is shown to have resulted from the negligence, and there is no evidence of concurring negligence, we will not presume against the natural instinct of self-preservation, which, to some extent, is possessed by all sane people, that the injured person contributed to his own injury; but this principle can not be extended so that the doctrine of self-preservation may be regarded as a fact from which it may be legally inferred that the injury did result from the negligence of the defendant, when there is no evidence of this fact, other than that an injury was suffered and the negligence existed. There must be some proof or circumstance to show that the negligence caused the injury, and the presumption that no one will contribute to his own injury can not take the place of such evidence. It is not necessary that there be an eye-witness, if there are other circumstances, which tend to show that the defect in the top of the car caused the fall; and if these were shown, the general charge should not have been given. Considering the character of the hole, its location with regard to the location of the brakes, the duty to be performed in setting up brakes, the fact that the brakeman was last seen alive at this point where his duty called him, that he fell and was run over by the cars; taking into consideration these attending circumstances, we can not say that there was no evidence from which an inference might not be legally drawn by a jury that the defect caused the injury. We think, under all the facts proven, that the question should have been referred to the jury.

[Clark v. Ryan.]

Plaintiff offered to prove that his intestate left surviving him a wife and minor child dependent on him for a support, but upon objection this proof was excluded. There is hardly enough in the record to enable the court to say this was error. If plaintiff had offered to follow up such proof, with evidence that deceased expended in whole, or in part, his earnings upon his wife and child, the evidence should have been admitted. The mere fact of relationship, although it is one which apparently indicates dependency. without proof of expenditure in that direction affecting the net income, can not strengthen the right to recovery, or affect the measure of damages. Where the relation of dependency exists, and the proof shows expenditure for their benefit, the measure of recovery as affected by this proof is declared in the case of *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350. If the income, exceed the outlay, so that there is a regular accumulation in excess of consumption the rule is declared in *McAdory v. L. & N. R. R. Co.*, 94 Ala. 272.

For the error in giving the general charge, the case must be reversed and remanded.