# East Tennesse, Virginia & Georgia Railway Co. v. Turvaville,

*Action by Employe for Damages on Account of Personal Injuries.*

1. *Evidence drawn out by party not excluded because unfarorable.*—A party will not be permitted to experiment in interrogating a witness and when the answer is unfavorable to him, have it excluded on motion.

2. *General charge improper when there is a conflict in the evidence.* Whenever there is a conflict in the testimony upon an inquiry which is material to a proper determination of the same issue, the general charge is properly refused.

3. *Difference in kinds of couplings on various cars not a defect.*—A count in a complaint by a brakeman against a railroad company alleging a defect in the coupler and appliances used by it for coupling cars is not supported by proof that the coupling appliances on some of the cars were different from those on other cars used on the road.

4. *Patent danger—double buffers on cars.*—The increased hazard in coupling cars with double buffers being an obvious danger open to

the ordinary observation of any one using ordinary care, it is not negligence in a railroad company to fail to instruct an inexperienced brakeman as to such danger.

APPEAL from Anniston City Court.
Tried before Hon. B. F. CASSADY.

KNOX & BOWIE, for appellant. No brief came to hands of reporter.

JOHN F. METHVIN, for appellee, as to negligence of the engineer, cited *L. & N. R. R. v. Watson*, 90 Ala. 68; *Mo. Pac. Rwy. v. Callbreath*, So. West Rep. 662; *Ga. Pac. Rwy. v. Probst*, 90 Ala. 1; *L. & N. R. R. v. Perry*, 78 Ala. 792; as to charge No. 1, *Glass v. M. & C. R. R.* 94 Ala. 581, and other authorities.

STONE, C. J.—The injury to Turvaville, for which the present action was brought, was suffered in an attempt by him to couple loaded freight cars on a spur track of the defendant railroad company. The cars were not of the pattern of the E. T. Va. & Ga. Railroad Co., but were Union Line cars, having bumpers on either side of the draw heads. McKinney was examined as a witness for defendant. He testified that he had had long experience in railroading, and had served in every capacity from brakeman to yard-master, which latter office he then filled. He was a skillful brakeman and coupler. In describing the differences in make between the Union Line cars and those of the appellant railroad company, he testified that Union Line cars were "more dangerous and difficult to couple than the East Tennessee cars." It is not shown at whose instance he gave this testimony, but the connection in which it is found renders it probable that the statement was made while he was being examined for the defendant. No objection was made to this testimony when it was given in, and no ruling was invoked or made upon it at that time. After the testimony was all given in, defendant moved the court to exclude from the jury that part of McKinney's testimony which we have copied. This motion was overruled, and defendant excepted. There is nothing in this exception; first, because it is not shown that the defendant did not, itself call out the testimony. A party will not be permitted to experiment in interrogating a witness, and calling out an answer; and when the answer is unfavorable to him, have it excluded on his motion. He takes the risk of the consequences, and must abide the result. In the second place,

there is an aspect of this case, to be considered further on, in which the testimony was clearly legal.

The plaintiff, Turvaville, was not a regular employee of the railroad company. He was specially employed to do the coupling on the night of the injury. This, in the absence of the coupler, whose general duty it was to do such service. The defendant railroad company had a regulation that coupling should not be done by hand, but with a coupling stick. It is not pretended that Turvaville was notified of this regulation, and he testified that he did not know of it. Neither is it pretended that he was notified of the style of bumpers used on the Union Line cars or of the increased danger in coupling caused thereby. He testified to his ignorance of this also. Up to this point there is no material conflict in the testimony. There were three cars loaded with pig iron that were stationary on the lower end of the spur track. On the main track were the engine and tender, and attached to them nine cars loaded with compressed cotton bales. It was proposed to back this train of nine loaded cars down on the spur track, and couple to it the three cars loaded with pig iron. This coupling was the special service Turvaville was employed to render. He had had some experience in coupling. All the testimony, backed as it is by human experience and knowledge, goes to show that to effect such coupling the train attached to the engine should be backed very slowly, and with great circumspection. The engineer and some others testified that this duty was strictly conformed to. There was testimony, however, in conflict with this. Some of the witnesses testified that the movement was so rapid and the concussion so great that the three cars were put in motion and driven eight or ten feet, although fastened and held to their positions by tightened brakes. It was further testified that this movement of the stationary cars would not have taken place, if the moving cars had been propelled at a slow rate of speed. This necessarily presented an issue of fact, to be determined by the jury

The defendant asked the charge that "if the jury believed the evidence, they must find for the defendant." The refusal to give this charge was excepted to. Whenever there is conflict in the testimony upon an inquiry, which is material to a proper determination of the issue, the general charge is properly refused.—3 Brick Dig. 110, §§ 52, 55; *Payne v. Mathis*, 92 Ala. 585. We have shown that there was conflict in the testimony as to the rate of speed at which the

train was being backed, and the City Court did not err in refusing this charge.

A second charge asked by the defenant was in the following language: "If you believe the evidence, you can not find for the plaintiff on the ground that the cars which the plaintiff attempted to couple were defective." There was no testimony tending to show the cars were defective. Witness described differences of construction between the cars proposed to be coupled, and those constructed by the defendant railroad company; but none of them said they were defective.

One of the acts of negligence charged against the defendant railroad company, was that "the coupler and appliances used by it for coupling said cars" were defective—and which defect, with proper care and diligence, would have been known to defendant. The complaint further avers that this defect was unknown to plaintiff. This charge ought to have been given; for there was no testimony bearing on this question for the jury to pass on.

Bringing a new brakeman and coupler into the service of the road, not familiar with its regulations, he should have been informed of the rule requiring the use of a stick in coupling. Had Turvaville employed a stick instead of his hand in the attempt he made to couple the two sections, it is probable he would not have been injured. Being a stranger to the service, employed only temporarily, it was due to him to be informed of the company's regulation requiring the employment of a coupling stick. That omission may have caused the injury he suffered.

In *L. & N. R. R. Co. v. Boland*, 11 So. Rep. 667, it was said "it was not negligence in the railroad company to receive or transport such car (a car having double buffers) over its track. And it likewise appearing that the increased hazard in coupling such cars was open to the ordinary observation of any person using reasonable care and prudence, it further results that it was not negligence on the part of appellant in not instructing or warning appellee specially in regard to the increased risk in coupling cars with double dead woods or double buffers." Under this authority we can not hold that negligence was fastened on the railroad company by the failure of the yard master to instruct the plaintiff as to the danger resulting from the buffers. It was competent, however, to prove that the presence of buffers increased the hazard of car-coupling.

The trial court committed a single error.

Reversed and remanded.