# Boland v. Louisville & Nashville Railroad Co.

*Action by Brakeman against a Railroad Company to recover Damages for Personal Injuries.*

1. *Action against a railroad; incompetent evidence.*—In an action against a railroad company by a brakeman to recover damages for personal injuries alleged to have been sustained while attempting to couple cars, a witness can not testify as to whether an inexperienced man, who never had been instructed, could the first time he attempted it, have made the coupling of the cars the plaintiff was attempting to couple when injured; such testimony not being of a fact, but of a matter of deduction or inference to be drawn by the jury from all the facts and circumstances of the case.

2. *Same; irrelevant evidence.*—In an action against a railroad company to recover damages for personal injuries sustained while attempting to couple cars, and alleged to have been caused by reason of the engineer backing the engine with unnecessary force, the fact proposed to be elicited by the question, "At what rate of speed do cars ordinarily move in coupling?" is not *prima facie* relevant; and before such question can be answered, the party asking it must state the connection of such evidence with other facts of which he proposes to make proof, that its relevancy may be disclosed to the court.

3. *Same; when failure not to warn employé of increased hazard not negligence.*—Where the increased risk or hazard of coupling cars with a different coupling apparatus than those in ordinary use by a railroad company is open to the ordinary observation of any person using reasonable care and prudence, the failure of the railroad company to instruct or warn brakemen specially in regard to the increased risk of coupling such cars, is not negligence on the part of the company; the danger being obvious and incident to the employment.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellant, W. H. Boland, against the appellee corporation, to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant as a brakeman. The complaint alleges in substance that plaintiff was an inexperienced brakeman on a construction train on one of defen-

41

dant's roads, and that while in the discharge of his duties as such brakeman and performing his service in obedience to the order of the conductor on said train, he was permanently injured, having his arm so badly crushed and mangled as to necessitate its amputation, which injury was caused by the negligence of the defendant, in that plaintiff was inexperienced, and defendant, knowing of his inexperience, put him to perform extra hazardous work, without specially instructing him, namely , to couple cars with "double buffers" or deadwoods, known as "Pan Handle Cars ;" said cars being different in coupling apparatus and more dangerous to couple than the ordinary cars, with which plaintiff was acquainted and accustomed to couple. The amended complaint alleged that the injury was caused by reason of the engineer, or other person in charge of the locomotive at the time the plaintiff was coupling the cars, negligently driving the said engine back with an unusually hard jerk, and with unusual and unnecessary force against the stationary car which plaintiff was attempting to couple to the other cars attached to the moving train.

As is stated in the opinion, the principal facts of this case on the present appeal are not materially different from the facts disclosed on the former appeal, and as found reported in the 96 Ala. 625. After the introduction of all the evidence, the court, at the request of the defendant in writing, gave to the jury the general affirmative charge in its behalf. The plaintiff duly excepted to the giving of this charge ; and also separately excepted to the court's refusal to give each of the charges requested by him. There was judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

L. C. DICKEY, for appellant.—1. Where a master knowing that the servant is inexperienced introduces into the service an appliance which involves extra hazard to the servant, it is the master's duty to inform the servant of such extra hazard, and his failure to do so is negligence. A brakeman ordered to couple cars of a peculiar, unusual and extra hazardous construction and with which he is entirely unacquainted, should be notified by

[Boland v. Louisville & Nashville Railroad Co.]

the company, of their unusual construction and of the danger arising therefrom and a failure to give such notice renders the company liable for damages for resulting injury to the brakeman. These propositions are always true when the danger of extra hazard is latent, and in the case before the court the evidence tends to show the danger was latent. The same propositions are true when the danger or extra hazard is patent, "if through youth, inexperience or other cause" the servant is incompetent to fully understand the nature and extent of the hazard. In this case the evidence tends to show that the plaintiff in this case was inexperienced and there was "other cause" why he could not fully appreciate said extra danger, in that he was hurried in making the coupling and that the cars were near together and moving at the time and that he was practically compelled to go "along side the moving cars," where the evidence tends to show that "he could not see the danger."—*Mo. Pac. R. R. v. White*, 76 Tex. 102, and cases there cited; s. c. 18 Am. State Rep. 33, and cases there cited; *Mo. Pac. R. R. v. Gilbreach*, 66 Tex. 526, and cases there cited; Woods on Master and Servant, 714; *Morris v. Hall*, 41 Ala. 510; *Brennen v. Gordon*, 118 N. Y. 489; *Reynolds v. Boston & Maine R. R. Co.*, 24 Atl. Rep. 134; 16 Am. State Rep. 775, and note; *Mo. Pac. R. R. Co. v. Watts*, 64 Tex. 568; *O'Neil v. Railway*, 9 Fed. Rep. 341; *Walsh v. Peet Valve Co.*, 110 Mass. 23; Woods Railway Law, 1488; 15 Am. & Eng. R. R. Cases, 271, 256; 18 Am. & Eng. R. R. Cases, 5; Sherman & Redfield on Negligence (3 ed.), 122; *L. & N. R. R. Co. v. Hall*, 87 Ala. 719; *Williams v. S. & N. Ala. R. R. Co.*, 91 Ala. 635; 14 Am. & Eng. Ency. Law, page 904, note 5; *Chicago & N. W. R. R. Co. v. Boyfield*, 37 Mich. 205, and cases there cited; *Swoboda v. Ward*, 40 Mich. 420, and cases there cited; *L. & N. R. R. Co. v. Allen*, 78 Ala. 494.

2. It is the duty of employers to inform servants of extra hazard or danger. Failure to warn of danger in service is negligence.—*Jones v. Florence Mining Co.*, 66 Wis. 268, s. c. 57 Am. Rep. 269. This is true even where the danger is patent if through youth or inexperience or other causes the servant is incompetent to fully understand the nature and extent of the hazard.—White's Case, 18 Am. State Rep. 33; Woods on Master and Servant, 714; *Brennen v. Gordon*, 118

N. Y. 489; 16 Am. State Rep. 775, and note.

3. The fast development of railroads, the immense army of servants whom they employ, and who adopt such service as their exclusive vocation, with many other considerations, emphasize the duty of their superiors to provide all reasonable safe-guards for their protection in this hazardous employment, and not to oppress them with the hard option of either exposing their lives to risk, or of abandoning their means of a livelihood.— Town's Case, 55 Am. Rep. 508, 514; Ellis' Case, 95 N. Y. 546.

4. It is the duty of an employer to warn an inexperienced man, as has many times been expressly decided by this Court.—*Hall v. L. & N. R. R. Co.*, 87 Ala. 719; *Williams v. S. & N. R. R. Co.*, 91 Ala. 635; 14 Am. & Eng. Encyc. of Law, p. 897.

THOMAS G. JONES, *contra.*—The plaintiff in this case was guilty of negligence which contributed proximately to his injury. The difference in the draw-heads of the cars which he was trying to couple at the time of his injury, was obvious to ordinary observation, and demanded of him the duty of exercising proper care in making the coupling. It was not negligence for the defendant to fail to warn him specially of the increased danger.—*L. & N. R. R. Co. v. Boland*, 96 Ala. 626; *E. T., V. & G. v. Turvaville*, 97 Ala. 122; *B. & O. R. R. Co. v. Stricker*, 51 Md. 70; *G. W. & T. R. R. Co. v. Ryan*, 33 Am. & Eng. R. R. Cases, 289.

The rulings of the court upon the evidence were free from error.—*Bennet v. State*, 52 Ala. 372; *Belair v. C. & N. Railroad*, 43 Iowa 607; *Garick v. Pacific R. R.*, 49 Mo. 274; *Western Insurance v. Tobin*, 32 Ohio State, 77; *Burlington R. R. v. Coates*, 15 Am. & Eng. Railroad Cases, 265.

BRICKELL, C. J.—A witness generally must depose to facts within his knowledge, and cannot be permitted to testify upon mere conjecture or belief, however strong; nor are his inferences or conclusions admissible evidence. Whether an inexperienced man, who had never been instructed, could have made the coupling of the cars, the first time attempted, the plaintiff was attempting to make when injured, was not a fact. It was the matter

of deduction or inference from all the facts in evidence as to the character of the device or contrivance with which the cars were to be linked together, and the immediate circumstances under which the service of coupling was to be performed. These facts and circumstances were all proper for the consideration of the jury; but if they had been grouped, what was the conclusion from them, a witness, expert or non-expert, could not declare.

Under the amended complaint, counting on the negligence of the engineer, it may have been permissible to prove that he backed the engine with unusual and unnecessary force. The fact proposed to be elicited by the inquiry, "At what rate of speed do cars ordinarily move in coupling?" is not *prima facie* relevant. Of necessity, the rate of speed at which cars ordinarily move in coupling, would vary with varying conditions and circumstances. The inquiry under the amended complaint was, whether under the conditions and circumstances. existing at the time and place the plaintiff was injured, there was negligence in driving back the engine with unnecessary and unusual force, causing the injury; it was not at what rate of speed cars ordinarily move in coupling. In connection with other facts, it may be the evidence proposed to be elicited would have been relevant and material, but it was the duty of the plaintiff to have offered it in connection with such facts, if they existed. It has long been the settled rule, that where the relevancy of evidence is not apparent, but other facts may make it relevant, it is the duty of the party offering it to state its connection with the other facts, of which he proposes to make proof, that its relevancy may be disclosed to the court.—1 Brick. Dig. 809, § 83.

We have examined with much of care and deliberation, the evidence as contained in the present bill of exceptions, comparing it with the evidence recited in the bill of exceptions when the case was before the court formerly.—*L. & N. R. R. Co. v. Boland*, 96 Ala. 625. There is no material change of the controlling facts on which the former decision and judgment was predicated. Notwithstanding the elaborate and able argument of the counsel for the appellant, we are unwilling to depart from the former decision. It was re-affirmed in *E. T., V. & G. R. R. Co. v. Turvaville*, 97 Ala. 122; and though there may be found conflicting authorities, it seems to

us, it is supported by the weight of authority, and has its foundation in well defined and recognized principle. Whatever of peril the coupling of cars may have involved, and however much the peril may have increased, because of the difference in the character of couplings to be used from the couplings in general use on the cars of the appellee, with which the appellant was familiar, the peril was an incident of the service ; and the difference in the character of the couplings was patent, manifest to ordinary observation, inviting more of care in the use of them. If the open, plain and manifest character of the couplings was not warning or notice of increased peril, it is difficult to conceive of what avail verbal notice or warning would have been.

Let the judgment be affirmed.