# Southern Railway Co. v. Arnold.

*Action against Railroad Company by Employè to recover Damages for Personal Injuries.*

1. *Action against railroad company by employé; sufficiency of complaint.*—In an action against a railroad company by an employé to recover damages for personal injuries, a complaint, which, after alleging the injury received by plaintiff while attempting to couple cars, then avers that he suffered his injuries by reason of the negligence of a person in the service or employment of the defendant, who had charge or control of the engine which was used in switching the cars, (giving the name of the engineer) in negligently causing one of the

cars to be propelled with too much force or speed against the one to which plaintiff was attempting to couple it, is sufficient in its averments of negligence, and states a substantial cause of action.

2. *Same; same.*—In such a case, a complaint, which, after stating that the plaintiff received the injuries complained of while attempting to couple the cars in the discharge of his duties, then avers that his injuries were inflicted by reason of the negligence of a certain named person, who was foreman in the yards of the defendant where the coupling was to be done, and who was intrusted with the superintendence by the defendant, in allowing the cars which plaintiff was to couple to the stationary cars to be propelled against said cars with too great force or speed, is sufficient in its averments of negligence, and states a substantial cause of action.

3. *Same; contributory negligence.*—In an action against a railroad company by an employé to recover damages for personal injuries, where it is shown that the plaintiff who was a switchman was injured by having his hand crushed between the bumpers of a stationary car and those of a moving car, which he was attempting to couple to the stationary car; that the plaintiff had had several years' experience as a switchman, and knew that the cars in question had double bumpers, which rendered the coupling more dangerous, and when injured was standing with his back towards the moving car taking no account of its speed and in attempting to lift the link of the moving car with a short stick, placed his hands between the bumpers, and it was further shown that there was no immediate necessity for the coupling of the cars at such time, which was at night, for they were to remain standing on the track,—the plaintiff is shown to have voluntarily assumed the risk of his hazardous undertaking, and was guilty of contributory negligence, precluding a recovery.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellee, Thomas C. Arnold, against the Southern Railway Company, to recover damages for personal injuries, alleged to have been caused by reason of the negligence of the defendant or its employés.

The sixth and seventh counts of the complaint were as follows: 6th. "The plaintiff claims of the defendant seven thousand, five hundred dollars as damages for that heretofore, on, to-wit, 12th April 1895, defendant was running and operating a certain steam locomotive engine and cars upon a railway in its yard known as Avondale yard in Jefferson county, Alabama, and at said time plaintiff was in the service or employment of defendant as a switchman, and was engaged in said service in said

[Southern Railway Co. v. Arnold.]

yard upon or about said cars, and while plaintiff was so engaged in said service in or about coupling or attempting to couple two of said cars together, plaintiff's hand was caught between the dead-blocks of said cars and so mashed and bruised that plaintiff lost a part of said hand and suffered great mental and physical pain, was made sore and sick, was disfigured and maimed and rendered less able to work and earn money, and plaintiff was put to great expense and trouble for medicine, medical attention, care and nursing in his efforts to heal and cure his said wounds and injuries. And plaintiff further avers that his said hand was caught and he suffered said wounds and injuries by reason of the negligence of a person in the service or employment of defendant who had charge or control of said locomotive engine, viz., defendant's engineer, to-wit, one Sullivan, negligently caused one of said cars to go towards and to the other of said cars which plaintiff attempted to couple together as aforesaid, with too much speed or force. All to plaintiff's damage $7,500, wherefore he sues."

7th. Plaintiff refers to and adopts all the words and figures of the sixth count from the beginning thereof to and including the words "his wounds and injuries," where they occur together in said count; "and plaintiff further avers that his hand was caught as aforesaid and he suffered said wounds and injuries by reason of the negligence of a person in the service or employment of defendant who had superintendence entrusted to him, viz.: Defendant's foreman, one Brown, negligently caused or allowed one of said cars to go towards and to the other of said cars which plaintiff attempted to couple together as aforesaid with too great force or speed, without any one upon said car to control its motions and when the engine was not attached thereto."

To each of these counts the defendant demurred upon the following grounds: 1. Because it shows on its face that the plaintiff was himself guilty of contributory negligence which proximately contributed to his injury. 2d. Because said count shows on its face that the plaintiff voluntarily assumed the risk of injury to himself in and about the coupling of said cars. 3d. Because said count fails to show or aver that the plaintiff was ordered or required to then and there couple said cars together under the existing circumstances. 4th.

Because each of said counts fails to aver or show with sufficient certainty in what the negligence of the defendant, or its said servant or employé consisted. 5th. Because neither of said counts sufficiently avers or shows any duty owing by the defendant or its servants to the plaintiff in respect to the matters connected with the plaintiff's injury, and a breach of such duty. These demurrers were overruled, and the defendant duly excepted. The facts of the case are sufficiently stated in the opinion.

Among the charges asked by the defendant, and to the refusal to give each of which the defendant separately excepted, was the following: "If the jury believe all the evidence in this case, they must find a verdict for the defendant." There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SMITH & WEATHERLY, for appellant.—1. The plaintiff, at the time of his injury, placed himself in an obviously dangerous position, in a place which was dangerous *per se*, without necessity therefor, and failed, when in such position, to give due attention to his own safety, and is not entitled to recover.—*Railway Co. v. Turvaville*, 97 Ala. 122; *L. & N. R. R. Co. v. Boland*, 96 Ala. 626; *R. R. Co. v. Free*, 97 Ala. 231; *Andrews v. R. R. Co.*, 99 Ala. 438; *R. R. Co. v. Davis*, 107 Ala. 626; *R. R. Co. v. George*, 94 Ala. 215; *R. R. Co. v. Stutts*, 105 Ala. 368; *R. R. Co. v. Bivins*, 103 Ala. 142; *Pryor v. R. R. Co.*, 90 Ala. 32; *Warden v. R. R. Co.*, 94 Ala. 277; *Burgin v. R. R. Co.*, 97 Ala. 274; *A. G. S. R. R. Co. v. Roach*, 110 Ala. 266.

2. The fact of a "kicking" switch being made, did not constitute negligence on the part of the railway company.— *Williams v. S. & N. A. R. R. Co.*, 91 Ala. 636.

3. The use of double dead-woods or dead-blocks on cars was not negligence, although they increased the hazard attendant upon making couplings between cars having them. In such case, the danger of such double bumpers or dead-woods is an obvious danger, calling for a high degree of care on the part of the employé who has to make the coupling.—*L. & N. R. R. Co. v. Boland*, 96 Ala. 626; *Turvaville v. R. R. Co.*, 97 Ala. 122.

BOWMAN & HARSH, *contra.*—1. An employé discharging a duty may rely upon a presumption that other employés will discharge their duty, unless ordinary care would have disclosed to the contrary.—*R. & D. R. R. Co. v. Greenwood,* 99 Ala. 515; *Bir. Min. R. R. Co. v. Jacobs,* 101 Ala. 149.

2. The test of contributory negligence, as well as original negligence, is whether or not the act or omission would have been done or omitted by a reasonably prudent person under like circumstances.—Beach on Contrib. Neg., §§ 21, 22.

3. The court should never give the affirmative charge on any proposition of fact, so long as there is any evidence or inference tending in the slightest to support a different hypothesis; the jury being the exclusive weighers of evidence.—*Cen. R. R. & B. Co. v. Roquemore,* 96 Ala. 236; *Hall v. Posey,* 79 Ala. 84; *Sanders v. Edmonds,* 98 Ala. 157; *Bromley v. Bir. Min. R. R. Co.,* 95 Ala. 397.

HARALSON, J.—After the evidence was all in, the the court at the written request of the defendant, instructed the jury that they could not find a verdict for the plaintiff under any of the counts of the complaint except the 6th and 7th, and the case was submitted to them on the evidence under these two counts, and the pleas thereto. We may, therefore, properly pretermit all inquiry into the rulings of the court, on any of the counts except the two last named; for, if there was any error in those other rulings, it was cured by the last ruling in favor of defendant, eliminating all consideration of the other counts from the jury. The case was tried on pleas of the general issue to these two counts, and on a plea of contributory negligence by the plaintiff.

1. Counts 6 and 7, under the uniform rulings of this court, must be held to be sufficient in their averments of negligence, and as claims of damages in a case of this character.—*M. & O. R. R. Co. v. Thomas,* 42 Ala. 673; *Stanton v. L. & N. R. R. Co.,* 91 Ala. 384; *Ensley R. Co. v. Chewning,* 93 Ala. 26; *M. & O. R. R. Co. v. George,* 94 214; *Mary Lee C. & R. Co. v. Chambliss,* 97 Ala. 171; *Laughran v. Brewer,* 113 Ala. 509.

2. The injury of the plaintiff consisted in having three

fingers of his left hand mashed off from having them caught between the dead-blocks, dead-woods or bumpers, as they are indifferently called, on the cars which he was attempting to couple. These dead-blocks were of the double pattern on both cars, and came out even with the draw-heads, so that when the cars came together, the entire surface of the dead-blocks and draw-heads met evenly. The dead-blocks were about a foot or a foot and a half wide, as the plaintiff represented them, and were on each side of the draw-head, with a space of about five or six inches between them and the draw-head.

There were two cars that had been cut off and placed on a switch track called No. 3. The plaintiff was attempting, when injured, to couple two other cars which had become detached from the engine, and run or "kicked" down to this switch track, No. 3, to be coupled to the two already standing still thereon. The switching was done in the yard of defendant at Avondale, about three o'clock in the morning, under one Brown, the foreman of the crew. Plaintiff worked in the "field," as it was called, and the other brakeman followed the engine. The plaintiff, in giving an account of the injury, testified that he had been engaged in coupling cars in that particular yard about fifteen days, at the time of the accident, but had been railroading five or six years; had been working for that time on the L. & N. and the Chattanooga roads; that he had coupled the E. T., V. & G. cars, on which dead-blocks were used—the kind of cars to be coupled on this occasion, as the proof tended without conflict to show; that he had coupled almost all kinds of cars; that those with double dead-blocks or buffers are dangerous to couple, if one does not use great caution, and even then, they will sometimes catch him, and that it is safer for the party doing the coupling, for the cars to come back easy, and with the double buffers, it is more dangerous to couple when the cars are coming back hard. He also testified, that Brown, the foreman, said to him when he pulled out from the other track, No. 1 or 2, that he was going to throw some cars on this track, No. 3, and when he made the remark, he pulled the train off of track No. 1 or 2, where it then was, the engine being ahead of the cars, and ran back or kicked these cars on to track No. 3, to the two standing cars; that the distance, from the standing cars to the switch,

where cars are turned in on No. 3, was ten, twelve or fifteen car lengths,—he did not know exactly,—and the grade was inclined upwards towards the standing cars; that the cars, when thrown on to track No. 3, were kicked about half the time, and it was common practice to kick them; that plaintiff went immediately,—when told by Brown that he was going to throw in these other cars to be coupled,—to the standing cars, and got to them when the moving cars were five, six, or maybe seven feet from the stationary cars; that he was on the right hand side of the track, with his back towards the engine, the cars going east; that he had his lantern on his right arm, which was resting on the corner of the standing car, and had his stick, about two feet long, in his left hand, holding it right at the end; that he raised the pin in the stationary car, by lifting it up in the hole, so that when the cars came together it would drop back into the hole, catching the link of the other car; that he raised up the link on the approaching car with the stick, having one of his feet inside the track and lantern on his right arm, just having hand-hold of the stick with his left hand, and just as the draw-heads and dead-woods came together, his hand was caught between the dead-woods and mashed.

The evidence further tended to show, that there was no emergency for making the coupling, and that the cars to be coupled were to remain afterwards on the side track. Plaintiff also stated, that he saw that the stationary car had dead-blocks on it, but he could not see the one that was moving until it got right close to him, and that there was no lantern or other evidence, of any one being on the approaching car.

3. From the foregoing summary of the undisputed evidence, we may readily dispose of the case.

The plaintiff, as he himself shows, was experienced in coupling cars, and was familiar with the use of couplers such as were of the pattern used on the cars he attempted to couple. They were, as he says, of a dangerous kind to couple, without the exercise of great care; and that they were dangerous, the injury plaintiff received fully established. Their danger was known to him, and the peril was obvious. This called for the exercise of a higher than ordinary degree of care by him, in his attempt to couple them.—L. & N. R. R. Co. v. Boland, 96

Ala, 626; s. c. 106 Ala. 641, 645; *Davis v. Western R. Co.,* 107 Ala. 626.

There was no emergency or rule of the company, calling on him to incur risk in effecting the coupling, which was not consistent with his safety. The cars, when coupled, were to be left on the track. It was a matter of no serious consequence for them not to have been coupled. The night was dark; the plaintiff had reason to believe that the cars would be run in from the engine on the switch by a kicking switch, and not by pushing them; he failed to discover on the approaching car any light or other evidence that they were under the control of any one on them; he stood with his back to the cars approaching him, placed his right arm on the stationary car with his lamp on it as a careless man or one indifferent to danger might do, adjusted the pin on the stationary car, and attempted with a short stick, to lift the link of the other one as it approached, and in doing so incautiously placed his hand between the dead-woods. He took no note of the speed of the approaching cars, and was attempting in the dark, to make the coupling of cars provided, as stated, with double dead-woods, when a kicking switch, as he had every reason to believe, had been made, and which in fact had been make. He knew, that in making such a kick of cars, for the purposes of coupling, it was impossible for the engineer to accurately adjust the rate of speed of the approaching cars, kicked, as he says, from a distance of from ten to fifteen car lengths, so that they would barely reach the cars at which he was standing. The risk he assumed was voluntary, self-imposed, very great and unnecessary.—*R. & D. R. R. Co. v. Free,* 97 Ala. 234; *R. & D. R. R. Co. v. Bivins,* 103 Ala. 148; *George v. Mobile & O. R. R. Co.,* 109 Ala. 245; *Warden v. Railroad Co.,* 94 Ala. 277, 279.

4. An attempt has been made to show that the injury was the result of negligence on the part of the engineer or fireman of the switching crew, in causing or allowing the cars run back for coupling to move with too great force or speed. It is manifest, however, under the evidence, that this was not the cause of the injury. The result would have been the same, if plaintiff placed his hand between the dead-woods, if the cars had been sent back slowly. The injury resulted from plaintiff

[Woodward Iron Co. v. Herndon, Adm'r.]

having placed his hand in a place where it was liable to be hurt, and not from the speed of the train. If he had acted cautiously in the presence of danger obvious to any one attempting to make a coupling under the circumstances, and which was well known to him, he would not have been injured, whether the cars came back slowly or rapidly. We can not do better than to state the rule of contributory negligence, as applicable to the case, as Mr. Beach has done : "The standard by which the plaintiff's negligence is to be measured, is the standard of ordinary care, and the rule is correctly and pertinently summed up in *Cremer v. Portland*, by the Supreme Court of Wisconsin (36 Wis. 92) : 'If the plaintiff was guilty of any want of ordinary care and prudence (however slight), which neglect contributed directly to produce the injury, he can not recover. * * * * It is not the law that slight negligence on the part of the plaintiff will defeat the action. * * * * * Not slight negligence, but any want, however slight, of ordinary care on the part of a plaintiff is sufficient to defeat the action.' "—Beach on Cont. Neg., §§ 20, 21.

We are forced to the conclusion that the plaintiff, under the facts before us, was guilty not only of a want of ordinary care to prevent the injury inflicted on him, but he was guilty of very great negligence, which contributed proximately to the injury he received.

The general charge as requested by defendant should have been given. This relieves us from considering other errors assigned.

Reversed and remanded.