[Worthington & Co. v. Goforth, *pro ami.*]

# Worthington & Co. *v.* Goforth, *pro ami.*

## *Action for Personal Injuries by Employe against Employer.*

1. *Presumptions as to the intelligence of a boy of sixteen years of age.*—When a boy of sixteen years of age brings a suit to recover damages for personal injuries, and no evidence is offered as to his intelligence or physical or mental development at the time of the injury complained of, the presumption of fact is that he was possessed of that degree of intelligence which is common to boys of that age, and the presumption of law, in the absence of evidence to the contrary, is that a boy of that age is capable of recognizing and appreciating such ordinary and patent danger as is incident to climbing or attempting to climb upon moving cars.

2. *When there is no duty on employer to instruct minor employe as to danger*—Where it appears that a boy sixteen years of age knew perfectly well how to do certain work which he was sent to do, and was competent to do it, and that the danger incident to it was open and patent to one of his presumed understanding, there is no duty resting on his employer to instruct him in regard to it; and if abstractly there was any such duty its neglect under such conditions would involve no damnifying consequences to the employer, since the boy already knew everything which the discharge of the duty would have brought to his knowledge.

3. *Breach of contract between father and employer when of no avail to minor suing.*—Where the contract of the employment of a minor is between the minor's father and the employer, the breach of it involved in a change of the minor's work from a safe place as contracted for to a dangerous place, can be of no avail to the minor as a basis of damages in a suit brought by him against the employer for damages for personal injuries sustained by him while engaged in the latter work; but the averment of the contract and its breach is proper in such suit and has an office to perform, as showing the scope of plaintiff's duties under his employment, and that the thing he was engaged upon by defendant's orders at the time he was hurt was beyond the scope of his employment.

APPEAL from Blount Circuit Court.

Tried before Hon. J. A. BILBRO.

Oscar Goforth, a minor, brought this suit by next friend against J. W. Worthington & Co. to recover damages for injuries sustained by him while in the employment of the defendants. The second count of the complaint alleges that the plaintiff who was a minor of the age of sixteen years was in the employment of the defendant and was required by the superintendent of the defendant to "catch upon and climb cars loaded with iron ore, while in motion, with a locomotive steam engine attached thereto and moving them, and ascend the said cars and put on brakes;" that the duty thus required of plaintiff was "dangerous and hazardous to plaintiff, who was young and inexperienced in said work being a minor aged about 16 years, and unsuited to perform such dangerous work as the said L. M. Livingston knew or ought to have known;" that "said order by L. M. Livingston was a negligent order because the said Livingston had failed beforehand to sufficiently instruct him as to the danger of said work which he was ordered to do, or to inform himself whether or not plaintiff had been so instructed by defendant; and plaintiff further avers that on account of his youth and inexperience he did not himself sufficiently understand and realize the dangers of the work, and that defendants had never instructed him as to such dangers." Charges 1, 2, 3 and 5 requested by defendants were as follows: 1. "There is no evidence in this case tending to show that the danger of catching the cars at the place and under the circumstances under which plaintiff attempted to catch them on the occasion of his injury was a latent danger unless the jury believe from the evidence that the hand hold was loose or defective."

2. "Under the evidence in this case if the jury believe the evidence the plaintiff's injuries were not caused by his youth and inexperience or by the failure, if they believe from the evidence there was such failure, on the part of the master to instruct plaintiff as to the danger, of catching the cars while in motion."

3. "If the jury believe from the evidence that plaintiff's injuries were caused by dangers patent and ob-

vious, then the jury must find a verdict for defendants although the jury may not believe from the evidence that plaintiff was instructed as to the danger of catching cars."

5. "If the jury believe the evidence in this case they must find a verdict for the defendants under the second count of the complaint."

The facts of the case are sufficiently stated in the opinion.

WALKER PERCY, for appellant.—1. Some risks of employment and the dangers thereof are assumed even by minors.—*Williams v. S. & N. R. R. Co.*, 91 Ala. 638.

2. That the danger in this case was latent, is beyond the support of argument. If the court can ever say as a matter of law that a danger is an obvious danger then surely it will say so of a danger of this kind. The courts have said that certain dangers were obvious as matter of law.—*L. & N. R. R. Co. v. Boland*, 96 Ala. 626; *Holland v. Tenn. Coal &c. Co.*, 91 Ala. 451; *Crowley v. Pacific Mills*, 148 Mass. 230; *Goodnow v. Walpole Emery Co.*, 146 Mass. 261; *Cirriack v. Merchants Woolen Co.*, 146 Mass. 182.

3. There is no rule of law that requires the master to give express instructions against obvious dangers, citing above authorities.

H. K. WHITE and EMORY C. HALL, *contra.*
No brief came to reporter.

McCLLAN, C. J.—This action sounds in damages for personal injuries sustained by the plaintiff, Goforth, while in the employment of the defendants, Worthington & Co. The plaintiff was sixteen years old at the time the injuries were received. He was hurt in an attempt to mount a moving ore car for the purpose of putting on its brakes and thereby stopping it and two other cars to which it was coupled at the proper place on a dump up or along which the three cars were being pushed by a steam locomotive. He testifies that this was not within the scope of his employment but that he was ordered to do it by one Livingston, who was defendants' superin-

tendent. Livingston testifies that he did not so order plaintiff on the occasion of the injury. According to the testimony of the plaintiff himself the injury resulted from the defective condition of a handhold on the side of the car, which he took hold of in his effort to ascend and which gave way and thus caused him to fall when he was run upon or against by the car, dragged, etc. Other witnesses testify that the hand-hold was in perfect condition before and after the occurrence, that plaintiff did not take hold of it at all, but tried to do so, missed it and in some way fell and was injured. One or two witnesses say that plaintiff's foot slipped or turned just as he reached for the hand hold, and several witnesses testify to statements made by the plaintiff to the effect that just as he caught at the hand hold he stepped on a stick which turned with him or from which his foot slipped, and that this caused his fall and the ensuing injuries. The evidence showed that the plaintiff had been in the employ of defendants for a year or more and during that time had worked at this dump where iron ore was sifted or screened and washed, that his duties were to take mud balls out of the ore and, at times, to hold the pipe through which water was thrown on the ore being washed, and that just before being hurt he was engaged in holding the pipe or nozzle. He testifies that while so engaged on this occasion, Livingston, the superintendent, relieved him, taking the nozzle himself, and told him to go and catch the cars that were then coming toward the dump, that is told him to go and get upon said cars and put on the brakes and stop them at the proper place on the dump. Livingston says that he did take the nozzle from plaintiff at that time, but because plaintiff was not holding it properly, and for the purpose of showing him how to hold it; and that he did not order the plaintiff to catch said cars, but that he went to them and attempted to get on them of his own will, though he admits that he had ordered him to do this several times before that. There was no evidence that defendants had ever instructed plaintiff as to the dangers incident to mounting the cars while moving as these were for the purpose of putting on brakes, and plaintiff, while admitting he had seen other boys and

men catching the cars there day after day and observed
how they got up on the moving cars and that he had
performed this service himself a good many times be-
fore and knew the means provided to that end and how
to use them in ascending the cars, says further that he
did not understand the danger of attempting to do so,
his testimony on the point being as follows: "I could
wind up the brake all right at the time I was hurt. I
could get on the cars all the time till I got hurt. I
failed to get on that once. I caught the hand-hold all
right when it gave way. * * * * I had seen the
cars run in there and stopped before. I had been along
there day after day when it was being done. I observed
the way the cars were run and saw them being run day
after day before I was hurt. I saw the dump boys catch
them every day as they came in and get on them and
put on brakes. There were men there for that purpose
all the time. I saw them catching cars time after time.
I have seen them get on and put on brakes. * * * I
also worked several pieces of days catching cars before
I got hurt. I guess three or four at different times.
That was hardly more than a week before I was hurt.
* * * * I had caught the cars myself a few times
before the day I got hurt on several different days. I
had seen other fellows get on the cars and set up the
brakes and I had done it myself. I didn't understand
it. I just went and done it as they had done it. I saw
how they did it, I didn't understand it, etc." No
evidence was offered as to plaintiff's intelligence or
physical or mental development. The presumption of
fact is that he was possessed of that degree of intelli-
gence which is common to boys of sixteen years of age,
and the presumption of law in the absence of evidence
to the contrary is that a boy of that age is capable of
recognizing and appreciating such ordinary and patent
danger as is incident to climbing or attempting to climb
upon moving cars.—1 Bailey's Personal Injuries,
§ 2767. There is nothing in this record to rebut
either of these presumptions. To the contrary the tes-
timony of the plaintiff himself shows that he knew all
about getting upon the ore cars from having seen many
others, men and boys, do it at many times, and from

having done it many times himself, and that he had ample physical capacity to get upon them and set the brakes on them; and his further statement that despite his entirely adequate knowledge and capacity mental and physical in the premises he "did not understand it," amounts to nothing whatever. It thus appearing that he knew perfectly well how to do the work he was sent to do, if indeed he was sent, and was competent to do it, and the danger incident to it being open and patent to one of his presumed understanding, there was in the first place no duty resting on defendants to instruct him in regard to it, and in the second place, if abstractly there was any such duty, its non-performance was wholly innocuous for that he already knew everything in the connection under inquiry which the discharge of the duty would have brought to his knowledge, and in such case the neglect of the duty involves no damnifying consequences.—1 Bailey's Per. Inj. § § 2766, *et seq.; Holland v. Tenn. Coal, Iron & R. R. Co.,* 91 Ala. 444; *Ogley v. Miles,* 139 N. Y. 458; *Palmer v. Harrison,* 57 Mich. 182; *Truntle v. North Star Woolen Mills Co.,* 57 Minn. 52; *Coullard v. Tecumseh Mills,* 151 Mass. 85; *Pratt v. Prouty,* 153 Mass. 333; *Tinkham v. Sawyer,* 153 Mass. 485; *Williamson v. Sheldon Marble Co.,* 66 Vt. 427. We therefore reach the conclusion that there was no evidence in the case to support the second count of the complaint, or to show that the danger from which plaintiff suffered was latent in character, unless the hand-hold was defective and he was injured thereby, or to show that plaintiff's injuries were caused by his youth and inexperience or by defendants' failure to instruct him as to the danger of catching the cars while in motion; and it follows that charges 1, 2, 3 and 5 requested by the defendants should have been given. On the state of the record indicated we deem it unnecessary to review the trial court's ruling on the demurrer to the second count.

The third count of the complaint avers in substance that plaintiff was hired to the defendants by his father not to do the dangerous work of catching and climbing upon cars, but to pick mud balls out of the ore at the washer and to work about the washer, which was work suited to his youth and inexperience, and that defend-

ants were guilty of negligence in changing him from this safe work to the dangerous work of catching and climbing upon cars, and that defendants did not instruct him as to the dangers incident to catching and climbing onto cars, and that on account of his youth and inexperience he did not sufficiently understand and realize himself the danger of such work, and further that the place where they thus put him to work "was not a safe place for plaintiff, on account of his youth and inexperience, to work, but was a hazardous and dangerous place for him to work, and that he was caught, run upon and dragged [as described in a part of this count which we have not stated or set out] and suffered the injuries, damages and loss above alleged by means of the negligence of the defendants in putting him at such hazardous and dangerous work for a youth of his immature strength, years and experience." The contract of employment being between plaintiff's father and the defendants, the breach of it averred in this count can be of no avail to the plaintiff as a basis of damages; but the averment of the contract and its breach is proper here and has an office to perform as showing the scope of plaintiff's duties under his employment and that the thing he was engaged upon by defendants' orders at the time he was hurt was beyond the scope of his employment. The averment puts the plaintiff in the attitude of a stranger casually upon the defendants' premises and ordered by them to catch, mount and put the brakes on the moving ore cars. And this action on the part of the defendants is assailed in the count only on the ground that plaintiff was a youth lacking in strength and mental capacity adequate to the safe performance by him of the work he was put to do and that he was put to the work without being instructed as to the dangers incident to it and was injured in consequence. Granting that this count states a cause of action, it is to be said of it what has been said of the 2nd count, that there is no tendency of the evidence to support it. The plaintiff as shown by the testimony was of sufficient capacity in every respect to do the work, the dangers of it were patent, and he was fully advised of them and of the way in which the work should be done as he could have been by the defendants:

They could have told him nothing in the premises which he did not already know. Hence our conclusion that the general charge requested by the defendants on this count should also have been given.

The rulings of the trial court on the admissibility of testimony are free from error prejudicial to appellants.

Reversed and remanded.