# Northern Alabama Coal, Iron Railroad Co. *v.* Beacham.

*Action by Employee against Employer for Personal Injuries.*

1. *Employer and employee; when employer not negligent for failure to instruct employee as to dangerous employment.*—Where a youth of 17 years of age, who has been employed by a mining company as a borer or driller of holes for the reception of charges of dynamite to be exploded in the process of mining, is changed from this work, by his employer, to a more dangerous service of charging such holes with dynamite and exploding the same, the employer is not guilty of negligence in failing to instruct such employee of the dangers incident to his new occupation, when it is shown that by reason of his

former employment, he already knew all about the work and its perils, that the employer could have informed him, and that any instruction from his employer would not have disclosed any dangers incident to his work, with which he was not already familiar.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. J. A. BILBRO.

This action was brought by the appellee, Samuel Beacham, a miner, by his next friend, against the Northern Alabama Coal, Iron & Railroad Company, and sought to recover damages for personal injuries, alleged to have been sustained by the plaintiff while in the employ of the defendant, by reason of his having been changed from his regular place or kind of labor and put to work in a more dangerous employment, whereby the plaintiff was negligently injured, etc. The facts of the case are sufficiently stated in the opinion.

The defendant requested, among others, the general affirmative charge in its behalf, and separately excepted to the court's refusal to give said charge.

There were verdict and judgment for the plaintiff. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GOODHUE & BLACKWOOD, for appellant, cited *Worthington v. Goforth*, 124 Ala. 656; *Boland v. L. & N. R. R. Co.*, 106 Ala. 641; 2 Bailey's Personal Injuries, relating to Master and Servant; §§ 3502, 3508, 3509, 3514, 3516.

DORTCH & MARTIN, *contra.*

McCLELLAN, C. J.—On the aspect of the evidence most favorable to the plaintiff, Beacham, he, a youth of seventeen years of age, was employed by the defendant, the Northern Alabama Coal, Iron & Railroad Company, as a "ratchet puller," a borer or driller of holes for the reception of charges of dynamite to be exploded in the process of mining ore, and was changed from this work to the more dangerous service of charging holes with dynamite and exploding the same. That he was injured by a premature explosion of one of these charges while

[Northern Alabama Railroad Co. v. Beacham.]

he was tamping it into a hole is not disputed. Whether the defendant company is liable in damages for the injuries he sustained depends, other questions aside, upon whether it was at fault in putting him to this more dangerous employment without instructing him as to its dangers and the manner and means of their avoidance. That he was not so instructed when he was put to this work on the occasion under inquiry, if he was put to it by defendant at all, the evidence shows without conflict. But, in our opinion, it is also free from conflict and from basis for contrary inferences that he already knew all about this work and its perils that the defendant could have informed him of; that there was, therefore, no occasion or necessity for the defendant to instruct him, and that defendant's omission to instruct him had no causal connection with the infliction of the injuries he suffered. He had been a miner for four or five years. Though it may be conceded that his regular employment had been that of a ratchet puller, yet it is shown beyond conflict that he had frequently and for considerable periods, at least fifty times, and from periods varying from a day to a week, there having been several periods of a week's duration, been put to and performed this work of preparing the dynamite cartridges, placing and tamping them into those holes, and then exploding them, that he knew how the holes should be drilled—that was his regular work, as we have seen—how the cap should be placed on the cartridge, how the cartridges should be shoved and tamped into the holes, and, finally, how they should be exploded. He knew also, of course, that dynamite was a highly explosive substance of great power, and his own testimony demonstrates that he knew of its sensitive character and that it was necessary to handle it gently and carefully. The company could not have enlarged his knowledge in the premises by instruction. He could not be further *instructed* by word of mouth or by experience as to the manner of doing the work he was set to do. Longer experience, or rather more practice in handling, tamping and exploding the cartridges, might have given him a greater muscular deftness in the operation, but the employer is not responsible to the servant for the conse-

[Wood v. Potts & Potts.]

quences of the servant's own awkwardness. If a servant knows how a dangerous operation should be performed and apparently has adequate physical capacity to its performance in a safe manner, the master is at no fault in omitting to instruct him when he sets him to perform it. Whether this plaintiff had a high degree of deftness in this work, we know not, nor is it material. On the undisputed evidence, he was a man of experience in respect of it, apparently capable of performing it, and knew how to perform it as fully as if he had been thoroughly instructed by the defendant in the premises; and, the gist of the action being, in some of the counts, that the defendant wrought the injury by negligently failing to so instruct the plaintiff, and, in one count, that the defendant was at fault in putting an inexperienced man to do the work, the affirmative charge requested by the defendant should have been given.—*Worthington v. Goforth,* 124 Ala. 656.

We have not considered the other rulings of the trial court to which exceptions were reserved and made the bases for assignments of error.

Reversed and remanded.