# Brammer *v.* Pettyjohn, *et al.*

## Damages for Personal Injury.

### (Decided Feb. 6, 1908.   45 South. 646.)

*Master and Servant; Personal Injury to Servant; Warning Servant of Danger.*—A boy sixteen years of age, not shown to be less intelligent than boys of that age, had his hand cut by the saws of the gin while attempting to unchoke it.   The evidence disclosed that he knew the way the gin worked and that it was dangerous to unchoke it without stopping the gin and had twice stopped it to unchoke it.   Held, the master was not liable for the injury by reason of his failure to warn the boy of danger.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by F. E. Brammer, by next friend, against L. G. Pettyjohn and others.   From a judgment for defendants, plaintiff appeals.   Affirmed.

B. M. ALLEN, for appellant.   It is the duty of a master who knowingly employs a youthful and inexperienced servant and subjects him to the control of another servant to see that he is not employed in a more dangerous position than that for which he was employed, and to give such warning of his danger as his youth or inexperience demands.—*Ala. Steel & Wire Co. v. Wrenn,* 136 Ala. 492-3; Bailey's Mast. Liab. 109-11-12; *Holland v. Railroad Co.,* 91 Ala. 444.   The nature and degree of a danger to an employe, the extent of his appreciation of it, and of the exigencies of the work, all enter into the question of assumption of risk, and no rule can be laid down.—*B'ham Min. & Cont. Co. v. Skelton,* 43 Sou. 112; *Sou. N. Railroad Co. v. Guyton,* 132 Ala. 214; *Haas v. Bouch,* 6 C. C. A. 201; 56 Fed. 984.   A minor assumes

only the risk of his employment which he is competent to appreciate and the danger which he may avoid.— Dresser's Emp. Liab. Sec. 96.

KERR & HALEY, and FRANK S. WHITE & SONS, for appellee. Where the danger incident to certain work is open and patent, there is no duty resting on the employer to instruct employes in regard to it.—*Worthington & Co. v. Goforth, pro ami.*, 124 Ala. 656; Wood Master & Servant, Paragraph 335; *Holland v. Tennessee Coal, Iron & R. R. Co.*, 95 Ala. 452; *Louisville & Nashville R. R. Co. v. Boland*, 96 Ala. 632. A minor over the age of fourteen years is presumed to be capable of the exercise of judgment and discretion, and if he was changed to a more dangerous service, that would not change the rule if he knew all about the perils of the more dangerous work.—*Northern Alabama Coal, Iron & R. R. Co. v. Beachem*, 140 Ala. 442; *Worthington & Co. v. Goforth, pro ami., supra; Lovell v. DeBardelebcn Coal & Iron Co.*, 90 Ala. 13 (and cases therein cited); *King, Admr. v. Woodstock Iron Co.*, 143 Ala. 633; *Louisville & Nashville R. R. Co. v. Boland, supra.*

McCLELLAN, J.—The appellant, a boy 16 years of age, was injured as the result of the contact of his hand with the saws of a running gin. The record does not disclose that he was less intelligent than the average youth of that age.—*Worthington v. Goforth*, 124 Ala. 656, 26 South. 531; *King v. Woodstock Co.*, 143 Ala. 632, 42 South. 27. By his own testimony it appears that the danger of injury to one inserting his hand beneath the ribs and above the running saws of the gin was known to him; the apron of the gin being raised so as to expose the dangerous situation. He also testified that "he saw these saws and the way they turned, and saw how sharp

they were and how the ribs came over the saws;" and, having previously testified that he stopped the gin twice in order to unchoke it, in answer to the question, "You saw all that, and you stopped the gin twice to keep from getting hurt, didn't you?" he replied in the affirmative. He also testified that it was dangerous to try to clean that gin without stopping it.

It is manifest from this that the safety of plaintiff required of his master no instruction or information with reference to the danger attending an effort to unchoke the gin by inserting his hand between the ribs and the revolving saws. Besides this, the hazard of such a performance was so obvious as not to raise any duty on the part of the employer to instruct or warn him with reference to it. The condition itself and the knowledge he had of it both rendered entirely unnecessary any action on the part of the employer to conserve plaintiff's safety.—*Worthington v. Goforth, supra; L. & N. R. R. Co. v. Boland,* 96 Ala. 623, 11 South. 667, 18 L. R. A. 260; *North Ala. R. R. Co. v. Beacham,* 140 Ala. 422, 37 South. 227; *Moses v. Mosley,* 148 Ala. 168, 41 South. 1012. It results that the affirmative charge was properly given for the defendant, since the injury must be attributed to the plaintiff's rashness, and to no breach of duty on the part of the defendant. Errors, if intervening otherwise, were without prejudice to appellant.—*Bienville Co. v. City of Mobile,* 125 Ala. 178, 27 South. 781.

The judgment is affirmed.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.