[Louisville & Nashville ·R. R. Co. v. Wilson.]

# Louisville & Nashville R. R. Co v. Wilson.

## Damages to Employe.

(Decided June 8, 1909.   50 South. 188.)

1. *Master and Servant; Injury to Servant; Warning; Youthful Employe.*—The mere minority of an employe will not of itself alone fix upon the master the absolute duty of warning the servant as to danger.

2. *Same; Complaint; Youthful.*—The word, "youthful" describes a quality that may be possessed by a man twenty-one years old or more, and the averment of youth in an injured employe in connection with the allegation that he is a minor may be entirely consistent with the fact that he is fully matured for one of his age and competent to appreciate dangers obvious to an adult.

3. *Same; Warning; Jury Question.*—A question as to whether the master ought to have known of the necessity of warning a youthful employe as to danger is for the determination of the jury; but if, from the appearance of the employe, the master is put on notice of his immaturity, incapacity or inexperience, and fails to institute an inquiry relative thereto, he is chargeable with actual negligence.

4. *Same; Complaint.*—A count charging negligence in failing to warn a youthful employe as to the danger must contain an averment of the master's knowledge of the inexperience of the employe or of the existence of other facts from which knowledge could be inferred.

5. *Same; Plea; Assumption of Risk.*—An averment that the servant knew of the danger arising from the defect complained of is not indispensable to a plea of assumption of risk under subdivision 5, section 1749, Code 1896, such averment not being required by the statute.

6. *Same.*—A plea of assumption of risk filed under subdivision 1, section 1749, Code 1896, need not negative the master's knowledge of the defect; to be available, such knowledge should be brought forward by replication.

7. *Same; Instruction.*—A charge submitting to the jury the question of the negligence of. defendant's superintendent in failing to warn a youthful employe of imminent danger which does not hypothesize knowledge or notice on the part of the superintendent of the employe's inexperience, is erroneous.

8. *Same.*—It is not objectionable to charge that in passing on the question of assumption of risk on the part of a youthful employe the jury may consider his inexperience.

9. *Same; Evidence.*—Where it was shown that the condition was not changed, it was competent to show the condition of the machine which caused the injury eight months before the injury, and also

to show the condition of the same machine three months after the injury.

10. *Appeal and Error; Review; Discretion.*—It is within the discretion of the trial court to grant or to refuse to grant a view of the place where the injury happened, and its action therein will not be reviewed on appeal.

11. *Same; Presumption; Ruling on Demurrer.*—If a plea is subject to anyone of the grounds of demurrers assigned, and the judgment sustaining the demurrer is not limited to any particular ground, the court will not be put in error for sustaining the demurrer.

12. *Pleading; Negligence.*—A very general averment of negligence is sufficient where the facts pleaded show a duty.

13. *Same; Matters Within Knowledge of Adverse Party.*—Matters properly within the knowledge of the adversary party need not be alleged in pleading.

14. *Trial; Misleading Instruction; Duty of Other Party to Request Explanatory Charge.*—Where a charge given is merely misleading, the other party should ask explanatory charges as a protection against its misleading tendencies.

(Denson, McClellan and Mayfield, JJ., dissent in part.)

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by William H. Wilson, pro ami, against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following charge was given at the instance of the plaintiff: "(3) If the jury find for the plaintiff, no matter on which count they may base their verdict, it will be their duty to award such sum as damages as in their sound discretion and judgment will compensate plaintiff pecuniarily for that part of the injuries and damages, claimed in the complaint, if any, which the jury may be reasonably satisfied, from the evidence, plaintiff suffered as a proximate consequence of the wrong complained of."

Error is assigned on the following portions of the court's oral charge: "Now, under the law, it was the duty of the defendant, if the plaintiff was an inexperi-

enced boy in the business or work that defendant was putting him to, or of some person acting for it, exercis· ing superintendence, or who had authority to do so, to instruct the plaintiff of any danger in the running of that machine, if it was dangerous; and that is a question for you to determine."

In response to a request for counsel to make suggestions as to his charge, counsel for appellee stated to the court: "I suggest right there, if an inexperienced man takes the unsafe way, by reason of not being instructed or not knowing of the defects which render it unsafe, he would not assume the risk." To which the court said, by way of reply: "Yes."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. Demurrer to the 2nd and 3rd count should have been sustained.—*Ala. Min. R. R. Co. v. Marcus,* 128 Ala. 359; 1 Labatt secs. 235 and 241; *Klochinski v. Shores L. Co.,* 67 N. W. 934. The court erred in sustaining demurrer to the defendant's 3rd plea. Counsel also discussed the assignments of error relative to the admissions of evidence, but without citation of authority. They insist further that they were entitled to the affirmative charge upon the case as a whole and upon each count thereof, and cite in support thereof.—*Pryor v. L. & N.,* 90 Ala. 30; 2 LaBatt, p. 2209; *Berry v. Sugarnutt,* 43 Atl. 240; 38 N. Y. Supp. 1040; 115 Ia. 80. As to the affirmative charge on the second count they cite.—*Worthington v. Goforth,* 124 Ala. 660; *Northern Ala. Co. v. Beauchamp,* 140 Ala. 422; *A. G. S. v. Roach,* 116 Ala. 363; *Ala. M. R. Co. v. Marcus, supra.*

BOWMAN, HARSH & BEDDOW, for appellee. It was not necessary to aver that the defendant had knowledge of the defect, or of the necessity for instruction.—*Robin-*

*son Min. Co. v. Tolbert,* 132 Ala. 462; *Mather v. Rillston,* 39 L. C. P. 464; 1 Labatt sec. 347. The court properly sustained demurrers to the 3rd plea.—*Columbus Ry. Co. v. Bradford,* 86 Ala. 574; *Connally v. Waltham,* 156 Mass. 368. It was within the discretion of the court whether it would permit a view of the place of the accident.—22 Ency. P. & P. 1054, et seq. The court properly denied the affirmative charge.—*A. G. S. v. Chapman,* 80 Ala. 615; *Bromley v. B. M. R. R. Co.,* 95 Ala. 397; *Marbury L. Co. v. Westbrook,* 121 Ala. 179; 4 Thomp. on Neg. secs. 4092-3-6-8. Counsel discuss assignments of error relative to evidence, but without citation of authority. There was no error in the court's oral charge. —4 Thomp. on Neg. sec. 4694; 6 Id. sec. 7774; 1 Lebatt, sec. 291; *Osborn v. Ala. S. & W. Co.,* 135 Ala. 571.

DENSON, J.—The plaintiff, a minor, was an employe of the defendant. On the 10th day of February, 1905, while engaged as such employe in operating a bolt-cutting machine in defendant's shops in Birmingham, plaintiff's clothing was caught in or by said machine or the appliances connected therewith, resulting in an injury to his arm so serious as to necessitate its amputation. The second count of the complaint is framed with reference to subdivision 2 of the employer's liability statute. —Section 1749 of the Code of 1896. The count ascribes plaintiff's injury to the negligence of the defendant's superintendent (one Madden), who, it is alleged, had superintendence over plaintiff, in that he "negligently failed to properly and sufficiently warn or instruct plaintiff of the danger to him in or about working at or with said machine, though, by reason of the youth and inexperience of plaintiff, it was dangerous for him to work at or with said machine without proper and sufficient warning or instruction as to the danger thereof, and

though plaintiff in said service or employment was working at or with said machine." Objection was taken to this count in the court below by demurrer for that it fails to aver that Madden knew of plaintiff's youth and inexperience. The court overruled the demurrer, and one of the grounds in the assignment of errors challenges this ruling of the court. So far as we are advised, the precise question now presented for determination has never been before this court for decision; and its solution is not free from difficulty.

In the case of *Alabama Mineral Railroad Co. v. Marcus*, 115 Ala. 3889, 22 South. 135, one of the counts upon which the cause was tried charged negligence upon the defendant's superintendent in running and operating a hand car at "so great, dangerous and negligent rate of speed that * * * plaintiff, who was a minor nineteen years of age and had had only five days' experience as a section hand, all of which was known to said foreman (superintendent), fell from said hand car," etc. No question of procedure arose for discussion or consideration on that appeal; and we have quoted from the complaint only to show that knoweldge on the part of the defendant of plaintiff's inexperience was averred. The discussion of the case on that appeal related to the oral charge of the court excepted to by the defendant and to two written charges given at plaintiff's request, one of which (the eighth) was in this language: "The court charges the jury that the care to be observed by an employer which would be ordinary care when applied to persons of mature judgment and discretion might be gross negligence toward minors." Justice McClellan, who wrote the opinion for the court in that case, said: "A minor upon entering contractually upon a given service assumes the risks thereof as fully as does an adult; and the mere fact of minority does not of and in itself

necessarily impose upon the master any other or great-
er degree of care in respect of the minor than would be
upon him had the servant attained full age. It is the
immaturity of mental and physical faculties and capac-
ity which is incident to some minors, but not all, but
not the mere fact of minority, which the master must
have special regard for; and, where in a given instance
of minority this immaturity is wanting, the minor stands
upon the plane of adults. On this view charges 8 and
11 given for plaintiff * * * were faulty. On the remand-
ment of the cause for new trial in the court below the
plaintiff amended his complaint by adding counts 7, 8,
9, and 10. The cause came here again (128 Ala. 355, 30
South. 670), and Justice Dowdell (delivering the opin-
ion of the court), touching the counts added by amend-
ment, then said: "The seventh, eighth, ninth, and tenth
counts have been added to the complaint since the cause
was here on a former appeal, and manifestly for the pur-
pose of meeting what was then said by this court upon
the question of plaintiff's minority. Each of these
counts avers the plaintiff's minority at the time of the
employment and of the injury sustained, and that he
was immature and undeveloped mentally and physically,
and was without experience in working on a railroad,
or in running or propelling a hand car, and that these
facts were well known to said Holmes, the section fore-
man or boss, who had the superintendence or control
of the work in which plaintiff was employed, and of
the running of the hand car or lever car on which plain-
tiff was riding at the time of his injury, and while in the
regular performance of his (plaintiff) service under
said employment. It is also averred in the seventh
count that the work in which plaintiff was engaged un-
der said employment was a dangerous one, and one in
which he had no experience, and that defendant negli-

38—162

gently failed during the time of said employment or at any time to give plaintiff any warning as to the dangers attendant upon operating said hand car, or instruction or explanation as to the safest way of riding and propelling the same. * * * Under these averments of the plaintiff's minority, inexperience, physical and mental immaturity, all of which being known to defendant's superintendent or section foreman, it was clearly the duty of the defendant to have warned the plaintiff of the perils of the employment, and to have instructed him as to the safest mode of riding upon and propelling said car while in the performance of his duties." We have quoted thus freely from the two reports of the case because the appellant cites and relies on the case as reported in 128 Alabama as authority supporting its contention that the count is bad for not averring knowledge on the part of the defendant's superintendent of plaintiff's inexperience, and because appellee's counsel hark back to the first report of the case to show that the question of pleading was not involved in the case on either appeal. We think it is true that the question was not raised on the pleadings—for the reason, among others, that the averment which the defendant contends should be in the complaint here considered was in the complaints in the cases cited. And yet it would seem that the case reported in 128 Alabama—inferentially at least—supports the defendant's contention. Whether so or not this case as well as that reported in 115 Alabama is valuable as showing that mere minority alone does not fix upon the defendant the absolute duty of warning or instructing as to danger. We remark that perhaps the reason why the question as one of pleading has never been decided by this court is the fact that averment of knowledge on the part of the defendant has hitherto always been embraced in the causes of this character which have come before this court for determination.

In all cases touching this point found by the writer the complaint averred knowledge on the part of the master or of the person representing him. We cite many of them: *Worthington v. Goforth*, 124 Ala. 656, 26 South. 531; *King v. Woodstock*, 143 Ala. 632, 42 South. 27; *Moss v. Mosely*, 148 Ala. 168, 41 South. 1012; *Reaves v. Anniston Knitting Mills*, 154 Ala. 565, 45 South. 702; *Brammer v. Pettyjohn*, 154 Ala. 616, 45 South. 646. The acute question to be determined, then, is whether lack of averment of knowledge on the part of the master in this instance renders the complaint defective in its statement in respect to the duty with which it is contended defendant was chargeable—the duty to warn or instruct. We have seen from our decisions adverted to that it is the immaturity of mental and physical faculties and capacity attributable to some minors, but not to all, and not the mere fact of minority, for which the master must have special regard. And Justice McClellan, concluding the opinion on this subject in the case supra, reported in 115 Alabama, says: "Where in a given instance of minority this immaturity is wanting, the minor stands upon the plane of adults."—*Decatur Car Wheel Co. v. Terry*, 148 Ala. 674, 41 South. 839; *Levey v. Bigelow*, 6 Ind. App. 677, 696, 34 South. 128; *Laporte v. Sullender*, 165 Ind. 290, 75 N. E. 277; *Evans v. Lake, etc., Co.*, 12 Hun (N. Y.) 289. The inquiry naturally arises: What, from the count of the complaint under consideration, was the status of the plaintiff in respect to age, maturity, and intelligence? The only hint at his status in these respects consists in the averment that he was at the time of his employment a minor, and that, by reason of his youth and inexperience, it was dangerous for him to work at or with said machine. Employing the rule that pleadings must be construed most strongly against the pleader, we assume that the

plaintiff was more than 14 years of age; and, so far as the complaint goes, he may have been of any age between 14 and 21 years.—*Lovell v. DeBardelaben,* 90 Ala. 13, 7 South. 756. Following the same rule of construction of pleadings, we must presume that the plaintiff was not less mature than are average boys between the ages of 14 and 21—the mere averment of youth adding nothing to the strength of the complaint in this respect. From the bare averment of youth—unaccompanied by any allegation as to the appearance of the plaintiff—we could not say that he was removed from the "plane of adults" at the time he entered into the contractual relations with the defendant under which he was put to work at the machine. This is made clear by one of the definitions of "youth" given by Webster, viz: "A young person; especially a young man." So youth is a quality that may well be ascribed to a young man even above 21 years of age; and the averment of youth in the plaintiff in connection with the allegation that he is a minor may be consistent with the fact that he is 20 years (or more, up to 21) of age, and fully matured for one of such age. In this view there is ample authority in support of the proposition that the master was at liberty to assume that plaintiff when he offered himself for employment at the machine was possessed of ordinary intelligence and would exercise ordinary care to protect himself, that he was competent to appreciate the ordinary or obvious dangers incident to the operation of the machine, and capable of performing the required duties— that is to say, all this, in the absence of averment in the complaint to the contrary.—Dresser's Employer's Liability, § 98; 1 Labatt, Master & Servant, 456. Now, we apprehend that it cannot be said of the count under consideration that it anywhere negatives the fact that the danger incident to the operation of the machine was

[Louisville & Nashville R. R. Co. v. Wilson.]

obvious to an adult of ordinary intelligence, or that it avers the danger was latent. Indeed, the meaning of the averment in the count is that the dangers existed by reason of plaintiff's "youth and inexperience." Then it may have been a danger obvious to an adult and where the master had the right to assume that it was known to the plaintiff; there being nothing, so far as the count averred, in the appearance of the plaintiff to put the master on notice of extreme youthfulness and consequent immaturity or incapacity. The rule is thus stated in Dresser's Employer's Liability, p. 459: "When a person of apparently sufficient age, physical ability, and mental caliber to perform the service seeks an employment at the hands of a railway company or other master, he ought to be held to an implied representation that he is competent to perform the duties of the position he seeks, and competent to apprehend and avoid all dangers that may be discovered by the exercise of ordinary care and prudence. In such a case we know. of no good reason or rule of law that would compel the master to pass him through a critical examination to discover his competency for the place, or that will convict the master of negligence for not doing so."—1 Labatt, Mas. &'Ser. 456; 2 Bailey's Personal Injuries, §§ 2710, 2712, 2718, 2810. "Undoubtedly, when one of apparent maturity and of average capacity solicits a particular line of work, the master has the right, in the absence of information, to assume that the applicant is qualified for the particular work applied for. It is only when such facts are brought to his notice of the disqualification of the servant to safely encounter dangers known to him, and presumptively unknown to the servant, that the duty of cautioning and instructing the servant arises."—L. & N. R. R. Co. v. Miller, 104 Fed. 1244, 43 C. C. A. 436; P., C. & St. L. Ry. Co. v. Adams, 105 Ind. 151, 166, 5

N. E. 187; *Felton v. Girardy,* 104 Fed. 127, 130, 43 C. C. A. 439; *Wells v. Coe,* 9 Colo. 159, 11 Pac. 50; *Louisville, etc., Co. v. Frawley,* 110 Ind. 18, 9, E. 594; *O'Neal v. Chicago, etc., Co.,* 132 Ind 110, 31 N. E. 669. Again Dresser says: "When the master is not actually informed of the servant's ignorance, the chief consideration which should put him upon inquiry is the age of the applicant. The appearance and apparent age and capacity are facts upon which the master may proceed, and which the court and jury may themselves consider."—Page 460. And we have no doubt that this statement is peculiarly applicable in respect to proof of knowledge when the fact has been averred, for it is only natural justice to require of a master who knows of or is put upon notice of facts relating to the capacity of his servant to do the work required to warn and instruct him if there is danger incident to the doing of the work.—*Crowley v. Appleton,* 148 Mass. 98, 18 N. E. 675.

In Labatt on Master & Servant it is said: "In cases where there is specific evidence tending to show that the master having knowledge of the servant's inexperience employed him in hazardous work which required the exercise of peculiar skill, the failure to give adequate instructions may properly be found to be negligence. On the other hand, unless the defendant knew, or ought to have known, of some occasion for instruction, his omission to give it cannot be regarded as the proximate cause of an injury which the plaintiff received owing to the want of such instructions. The mere fact that he was injured because he was inexperienced and ignorant of the danger and hazard will not suffice to charge the defendant. The question whether the master at the time of engaging the servant or afterwards ought to have inquired whether he was experienced or not, or should have taken notice, under all the facts, of the probability

that he was not, nothing being said on the subject by either party, is a question for the jury."—1 Labatt, 547, 548. The concluding sentence of the above excerpt from Labatt is quoted by appellee's counsel, who thereupon argue as follows: "If it is a question for the jury to determine whether the master ought to have known of the necessity of instructions, then it necessarily follows that plaintiff, especially a minor plaintiff, is not required to aver that the defendant did in fact know; for, if there was necessity to aver knowledge, then, plaintiff would have to prove it." Of course, he would have to prove it. It is that (the knowledge of the servant's inexperience) upon which Labatt plants the duty to impart instruction; and certainly, without the existence of the duty, negligence is not predicable. As we apprehend the meaning of the sentence quoted and relied upon by appllee's counsel, it has naught to do with averment proper or necessary to show the duty of the master, but rather seems to be an effort to hold clear the distinction between the province of the court and that of the jury in respect to the weight to be given to the evidence. We further apprehend from the quotation in question that, if knowledge be averred, postive evidence of such knowledge would not be indispensable to proof of it, but that if the evidence tends to show that from the appearance of the servant the master was put upon notice of his immaturity, incapacity, or inexperience, and failed to prosecute an inquiry in respect thereto, he would be chargeable as with actual knowledge; the law on the question of knowledge being that facts known to the party sought to be charged sufficient to put a prudent person upon inquiry which (followed up) would elicit information are the equivalent of knowledge. The part of the quotation from Labatt used by the appellee is perfectly consistent with what immediately precedes it, as set out above, of

which former part we think the clear meaning is that averment of knowledge or of the existence of a state of facts from which knowledge would be inferred is necessary to show the duty of warning. It must be borne in mind that the bone of contention here is not whether the master knew or should have known of the danger for of that the presumption is he had knowledge, but (underlying questions touching danger, and averment of negligence) is the question of duty. It is simply a question of averment necessary to show duty upon the breach of which when shown negligence may be predicable. Duty being shown—as we have stated above, and have frequently decided—general averments of negligence are sufficient. From what has preceded it is the judgment of the court that the court below committed reversible error in overruling the demurrer to the second count, which presents lack of averment (in that count) of knowledge on the part of the master, or that of Madden, of plaintiff's inexperience.—*Klochinski v. Shores Lumber Co.*, 93 Wis. 417, 67 N. W. 934; 2 Bailey's Personal Injuries, relating to M. & S. § 2707.

The next assignment of error calls in question the ruling of the trial court sustaining the demurrer to plea 3 addressed to the first count of the complaint. Count 1 is predicated upon subdivision 1 of section 1749, Code 1896, and alleges a defect in the condition of the ways, works, machinery, or plant of the defendant, etc. The third plea is as follows: "(3) Defendant for further answer to the first count of the complaint says that the plaintiff himself was aware of the defect or negligence complained of therein, and failed within a reasonable time to give information thereof to the defendant or some person in its service superior to himself." The demurrer contains several grounds, two of which only are discussed by appellant's counsel, and one only is argued

by counsel for appellee. We think it must be conceded that the fifth ground of the demurrer is not well-assigned. Indeed, appellee's counsel do not in brief contend for the correctness of the point made thereby, to wit: "The plea fails to aver or show that plaintiff knew of the danger arising from said defect or negligence." The plea was framed with regard to the statutory qualification of the right of an employe to recover under subdivision 5 section 1749 of the Code. That part of the statute is in this language: "But the master or employer is not liable under this section if the servant or employe knew of the defect or negligence causing the injury, and failed in a reasonable time to give information thereof to the master or employer, or to some person superior to himself engaged in the service of the master or employer, unless he was aware that the master or employer, or such superior already knew of such defect or negligence." In the case of *Birmingham, etc., Co. v. Allen,* 99 Ala. 359, 347, 13 South. 8, 14, 20 L. R. A. 457, the court, speaking of this clause of the statute, used this language: "The qualifying clause was not intended to enlarge the rights of the employe, or extend the liability of the employer, or take away the defense of contributory negligence. It is obscure and involved, but its terms would indicate an intention to restrict the employer's liability. * * * It does not provide for an additional liability under certain conditions; but the employer is not liable, notwithstanding he may have been culpably negligent in failing to discover certain defects, and negligence, if the servant or employe knew of the defect or negligence and failed, in a reasonable time to give information," etc. We note the very material amendment of this qualifying clause by section 3910, Code 1907. In case of *Columbus, etc. v. Bradford,* 86 Ala. 574, 6 South. 90, it was held that this provision of the statute relates

to purely defensive matter—"the contributory negligence of the plaintiff."—*Broslin's Case,* 114 Ala. 298, 404, 21 South. 475. It will be noted that the statute or the qualifying clause of the statute does not provide that, in order to make good defense to the action, it must be shown that the plaintiff, besides possessing knowledge, of the defect, should have known of the "danger arising from the defect or negligence," as is ordinarily requisite to make safe from demurrer a plea of assumption of risk. It not being required by the statute, the court is without authority to hold that such averment of knowledge is indispensable to a plea such as plea three.

But notwithstanding the fifth ground of the demurrer is not well taken, and notwithstanding the further fact that the plea, after being amended to meet that ground of the demurrer merely, was not further challenged by the plaintiff and issue was joined thereupon, yet the judgment sustaining the demurrer not being limited to any particular ground, the court cannot be put in error for sustaining the demurrer to the plea if it is subject to any of the several grounds of the demurrer assigned. The first ground of the demurrer is as follows: "Said plea fails to show or aver that defendant or said superior did not already know of said defect or negligence." It is obvious that this ground of demurrer is based upon the last clause of the qualification to the staute above quoted—which, for convenient reference, we here repeat: "Unless he was aware that the master or employer or such superior already knew of such defect or negligence." The defendant (appellant), while conceding that knowledge on the part of the employer would be an answer to the defense set up in the plea, at the same time contends that it is not necessary to negative such knowledge in the plea, but that, to be available, it should be brought forward by replication. This contention proceeds upon

the theory that matter more properly within the knowledge of a party need not be alleged in the pleadings by his adversary. Generally speaking, this is a correct statement of the law, but, for obvious reasons, it is inapplicable here. In the first place, it is difficult to understand how the servant could possibly know better than the master himself could know that the master possessed information of the defect. And in the second place, according to our decisions cited, supra, all matters contained in the qualifying clause of the statute are matters of defense, and must be brought forward by plea.— *Columbus, etc., Co. v. Bradford,* 86 Ala. 574, 6 South. 90; *Broslin's Case,* 114 Ala. 398, 21 South. 475; Reno Emp. Liability Acts, § 25, pp. 35, 36; *Connolly v. Waltham,* 156 Mass. 368, 31 N. E. 302. On these considerations the writer and Justices McClellan and Mayfield are of the opinion that the demurrer to the third plea was properly sustained; but the Chief Justice and Justices Simpson, Anderson, and Sayre entertain the opinion that the matter involved in the point in controversy should have been brought forward by replication, and that the demurrer should have been overruled.

There are other assignments of error relating to pleadings, but these are not insisted upon.

There is nothing substantial in appellant's criticism of charge 3 given for the plaintiff. At most, it is merely misleading; and, if defendant desired protection against this tendency, an explanatory charge should have been requested.—*Hall v. Posey,* 79 Ala 84, 90. From the discussion of the action of the trial court in overruling the demurrer to the second count of the complaint (in the opening of this opinion), it follows that the court erred in that part of the oral charge excepted to by the defendant (record, p. 43) in not hypothesizing knowledge or notice on the part of defendant's superintendent, Mad-

den, of plaintiff's inexperience. It appears, too, that the only count submitted to the jury in which failure to instruct is made the basis for recovery charges such failure to Madden. This being true, it would seem that the court erred in its charge in not confining the duty to Madden. The court did not charge the jury that mere inexperience would relieve the plaintiff from the doctrine of the assumption of risk; but the clear meaning of the charge excepted to in this respect is that in passing upon the question of assumption of risk the jury might consider the inexperience of the plaintiff. This is not objectionable.

The affirmative charge was refused to the defendant, and it is insisted here that the court committed error in its refusal; but as the complaint will in all probability be amended on remandment, and it cannot be known what the evidence on another trial will be, we deem it inexpedient at this time to enter upon a discussion of the evidence which would be necessary to the proper determination of the question of the correctness or not of the court's action in refusing the charge.

This brings us to the consideration of certain rulings of the court on questions of evidence assigned for error. The court cannot be put in error for allowing witness Dugger to testify that he had reported the bad condition of the clamps to Penzler, whose duty it was to look after the machine, eight months before the accident complained of; for the reason that there is evidence in the record tending to show that such bad condition continued up to and after the time of the accident. While witness York did not know whether the clamps were in the same condition when he went to work with the machine that they were in when the plaintiff's injury occurred, yet there is evidence in the record which tends to show such identical condition; and the court did not err in allowing

[Travis, Admr. v. Sloss-Sheffield Steel & Iron Co.]

plaintiff to prove by York that he found the clamps dull when two or three days after plaintiff was hurt witness went to work with the machine. Whether or not a jury should be sent out to view the place where the injury happened or the features of which are involved in the controversy seems to be a matter which rests in the sound discretion of the trial court; and the court's rulings in granting or refusing a view will not be reviewed on appeal.—2 Elliott on Ev. § 1242, and cases cited in notes to the text; 22 Ency. Pl. & Pr. 1054.

For the errors pointed out, the judgment of the city court must be reversed, and the cause remanded.

Reversed and remanded. All the Justices concur in the reversal of the judgment, and DOWDELL, C. J., and SIMPSON, ANDERSON, and SAYRE, JJ., concur in holding that the demurrer to plea 3 should have been overruled, while DENSON, McCLELLAN, and MAYFIELD, JJ., are of the opinion that the demurrer to plea 3 was properly sustained, and dissent on that point.