D. B. GORE CO. v. PERRIN.

(Circuit Court of Appeals, Fifth Circuit. January 27, 1919.)

No. 3286.

MASTER AND SERVANT ⬅153(3), 245(7)—MASTER'S LIABILITY FOR INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

An employer was not under duty to warn an employé 18 years old of the danger in using a riveting hammer having oval faces in driving a steel wedge into wood, which was obvious, and, although required to use it, the employé is also chargeable with negligence in so using it as to cause the wedge to fly out and injure him.

In Error to the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Action at law by B. D. Perrin, by his next friend and father, W. R. Perrin, against the D. B. Gore Company. Judgment for plaintiff, and defendant brings error. Reversed.

Augustus Benners and James Rice, both of Birmingham, Ala., for plaintiff in error.

B. M. Allen and Robert N. Bell, both of Birmingham, Ala., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

WALKER, Circuit Judge. The writ of error in this case presents for review a judgment in favor of the defendant in error for damages for a personal injury sustained by him while he was in the employment of the plaintiff in error as a blacksmith's helper. The parties will be referred to as they were designated in the trial court, the plaintiff and the defendant, respectively. The count of the complaint which was recovered on attributed the injury complained of to the alleged negligence of one James Bradley, a person in the service or employment of the defendant, who had superintendence intrusted to him, and, while in the exercise of such superintendence, in ordering or requiring the plaintiff to use a certain hammer which was unfit or unsuited for the purpose for which plaintiff was required by Bradley to use it.

The phase of the evidence adduced which was most favorable to the plaintiff was to the following effect: The defendant was engaged in surface work preparatory to mining coal. For the purpose of repair work required it employed one Bradley, a blacksmith, and had at the scene of its operations a forge and some blacksmith tools. The place where the blacksmith equipment was kept and where the blacksmith work was done was called the blacksmith shop, though there was no building there. At the time he was hurt the plaintiff had been working for the defendant about 2½ months. For about 2 weeks before he was hurt he was acting as the blacksmith's helper. Before that he was employed in other work on the job. At the time he was hurt he was 18 years old. The handle of a sledge hammer he was using came off, and Bradley told him to hurry up and wedge the sledge hammer back on the handle; that the men had some work pushing in the shop. In Bradley's presence the plaintiff made a wedge by sharpening one end of a piece of steel with a smoothing hammer, placed the wedge in an opening cut in the end of the handle before it had been put back in the hammer, and, while with his left hand he was holding the handle of the sledge hammer to keep it in the position in which it was leaning against a wooden block, hit the wedge with a riveting hammer, which was "round-shaped, oval-faced on both ends, and worked slick." The blow caused the wedge to fly out, and it struck the plaintiff in one of his eyes, causing an injury which resulted in the loss of sight in that eye. Plaintiff had not previously used the riveting hammer. He had seen Bradley using it. There were other hammers on the job; but the only one that could be used, which was at the blacksmith shop

when plaintiff received the order mentioned, was the one which the plaintiff used.

From the circumstances attending the giving of the order it might be inferred that it meant that the plaintiff was to use the riveting hammer in doing the work he was told to do. If the order was a negligent one, it was such because of Bradley's failure to warn the plaintiff of the danger involved and how to avoid it. An employer is not required to warn an employé of a danger which is obvious to a person of ordinary intelligence, unless, through youth, inexperience, or other cause, the employé is incompetent fully to understand and appreciate the danger and how to avoid it. Louisville & Nashville R. Co. v. Boland, 96 Ala. 626, 11 South. 667, 18 L. R. A. 260; Boland v. Louisville & Nashville R. Co., 106 Ala. 641, 18 South. 99; 26 Cyc. 1176. The danger in using the riveting hammer in driving a steel wedge into the end of the sledge hammer handle was that, by reason of the first-mentioned hammer being round or oval-faced on both ends, and worked slick, a heavy blow with it was liable to be a glancing one, that might cause the wedge to fly out, if it had not been made sufficiently fast in the opening prepared for it before the blow was given. We do not think that the danger properly can be regarded as a latent one, or one which a youth 18 years old and of ordinary intelligence would reasonably be expected not fully to appreciate and know how to guard against. A mere child, known to be about to attempt to drive in a steel wedge with such an instrument, might need to be warned of the danger of the attempt without first making the wedge fast enough for it not to be likely to be knocked out by a glancing blow. A normal person, of more maturity and experience, would not reasonably be expected to need such warning. There was no evidence indicating that the plaintiff was physically or mentally immature for one of his age. The presumption is that he was possessed of that degree of intelligence which is common to young men 18 years old, and, in the absence of evidence to the contrary, it is to be presumed that a young man of that age is capable of recognizing and appreciating such an obvious danger as the one above mentioned. The hazard of the attempt as it was made was such an obvious one that the plaintiff's employer was not under a duty to warn him in reference to it. Worthington & Co. v. Goforth, 124 Ala. 656, 26 South. 531; Brammer v. Pettyjohn, 154 Ala. 616, 45 South. 646. The evidence most favorable to the plaintiff showed that the injury complained of was attributable to his negligently exposing himself to an obvious danger. The plaintiff's contributory negligence being available as a defense under the pleadings in the case, it was error to refuse the requested charge against a verdict in his favor.

Reversed.