# Kilby Frog & Switch Company *v.* Jackson.

## *Injury to Servant.*

(Decided January 9, 1912. Rehearing denied February 17, 1912. 57 South. 691.)

*Master and Servant; Injury to Servant; Contributory Negligence.*—Under the facts in this case it is held that plaintiff's failure to avoid the danger arising from defects in the machinery was at least due to inattention, absent-mindedness or thoughtlessness and hence, plaintiff was guilty of contributory negligence proximately contributing to his injury.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Thomas S. Jackson against the Kilby Frog & Switch Company, for damages for injuries sustained while in its employment. ·Judgment for plaintiff and defendant appeals. Reversed and remanded.

WEATHERLY & STOKELY, for appellant. The plaintiff testified that he knew of the danger but forgot about it, and under such circumstances, heedlessness or thoughtlessness is the very essence of negligence.—*Wood v. Richmond & D. R. Co.,* 100 Ala. 660; *R. R. Co. v. Hall,* 87 Ala. 719; *George v. R. R. Co.,* 109 Ala. 256; *Coosa Mfg. Co. v. Williams,* 133 Ala. 611; *Bear Creek M. Co. v. Parker,* 134 Ala. 93. Plaintiff was guilty of contributory negligence as a matter of law.—*Gainor v. So. Ry. Co.,* 152 Ala. 186; *King v. So. Ry. Co.,* 41 South. 639; *So. Ry. Co. v. Arnold,* 114 Ala. 183. On these authori-

ties, it is insisted that the charges requested should have been given. Penrod was under no duty to warn the plaintiff of so obvious a danger, and hence, the affirmative charge should have been given as to count 9. *Repub. I. & S. Co. v. Williams,* 53 South. 79; *So. Co. Oil Co. v. Walker,* 51 South. 175; *Horan v. G. D. Hdw. Co.,* 48 South. 1029.

ULLMAN & WINKLER, and HARSH, BEDDOW & FITTS, for appellee. Under the facts in this case the question of contributory negligence was one for the jury.—*L. & N. R. R. Co. v. Hall,* 87 Ala. 719; *Coosa Mfg. Co. v. Williams,* 133 Ala. 611; *Clotts v. P. & M. Mach. Co.,* 17 L. R. A. (N. S.) 904; *R. & D. R. R. Co. v. Powell,* 149 U. S. 43. His knowledge and his manner of doing the work, whether negligent or not were questions for the jury.—*Osborn v. Ala. S. & W. Co.,* 33 South. 689; *M. & B. R. R. Co. v. Holman,* 84 Ala. 133; *So. Ry. Co. v. Shields,* 121 Ala. 460; *Ala. S. & W. Co. v. Talent,* 51 South. 838.

SIMPSON, J.—This is an action by the appellee, as an employee, for injuries received by having his leg caught between certain parts of a planing machine while he was operating the same. The case was tried on counts 4, 6, 7, 8, and 9.

The plaintiff's leg was caught between what is called the "knocker" or "dog" of the machine, and the shifting lever. Count 4 claims on account of the negligence of the defendant in not exercising "reasonable care and skill to furnish plaintiff with a reasonably safe machine or appliance with which to do his work." Count 6 alleges the failure of defendant to furnish a reasonably safe place to do the work. Count 7 rests upon the negligence of one Penrod, who had superintendence, etc., in that he knew the defective condition of the ma-

chine, and informed plaintiff that the machine had been "fixed," and instructed plaintiff to go to work on it. Count 8 rests upon the same negligence of said Penrod to whose orders plaintiff was bound to conform and did conform. Count 9 rests upon the negligence of said Penrod, as superintendent, in failing to instruct the plaintiff as to the dangers attendant upon the operation of the machine. The pleas are the general issue and contributory negligence.

The "frog," "switch," or "crossing" which is to be cut is laid on the table of the machine, above which is the "head," being a metal case, with a screw running down through it, holding the tool, which is a chisel, and this tool is adjusted up or down, according to the height which it is wished to cut. Such machines usually have a rod attached, by which the operator can stand two feet from the machine and work the head up and down, but in this machine there was no rod, nor had there been any, so far as the witnesses know, so that the only way to move the tool up or down was to stand nearer the machine, and reach above the operator's head and turn the wheel at the top of the screw. The bed of the planer runs along horizontally when the machine is in operation. The shifter protrudes from the bed of the machine about two feet, and on the same side and attached to the edge of the bed is the dog, which is a piece of metal protruding about six inches from the table, and, as the table moves back slowly towards the shifter, it strikes the shifter, and that automatically sets it in reverse motion. The plaintiff, while operating the machine and in the act of turning the wheel to lower the tool, placed his right leg forward so that it was caught between the dog and the shifter as they came together.

The bed of the machine is about 14 feet long, but the length of the stroke is regulated by the length of the

cut which is to be made. The speed of the machine and stopping and starting it are within the control of the operator. Ordinarily the wheel can be turned with one hand, but, if the screw is tight, the operator has to raise both hands about six inches above his head and turn it.

The plaintiff testified that he was 26 years old; that he had been working for the defendant a month or 6 weeks, and at this particular machine about 2 weeks; that he had broken the machine about 10 days before the injury (he does not say in what particular), and that Penrod had told him it was "fixed," and to go to work; that the head worked hard, and he asked the master mechanic to come and start it, which he did, putting grease on it and loosening it up; that it was all he could do to move it with both hands; that he was working on a small frog about 3 or 3½ feet long; that when Parsons showed him the machine, he told him to watch a certain mark, beyond which the screw was not to be turned, as it was too short; that no one had warned him of the danger of getting caught between the knocker and the shifter; that he worked on various machines for 12 or 13 years; that he had been adjusting the tool, by the use of the wheel, "during the six weeks he had worked on it every day that he worked," and did it by leaning over and catching hold of the wheel; that he watched the movement of the bed back and forth, knew the knocker was at the end and where the shifter was, knew when the knocker came back against the shifter it would hit the shifter and move the machine back the other way, knew that, if his leg was in there, it would get caught, "but, if he knew his leg was in there, he would have it out;" that he never thought of it, and it was never explained to him about the danger; that the knocker came up from the left side, did not strike his left leg, but caught his right one; that he had not

worked the machine exactly like it was for 6 weeks, but laid off a week, worked three different machines, and worked this machine without intermission for 2 weeks, having previously worked another planer; that he had to step into the position he was in to get a purchase on the wheel, either that, or put both legs up.

It appears from the evidence that it was within the power of the operator to have stopped the machine, screwed down the tool with the wheel, and then started it, or, if he wished to screw it down while in motion, if he had noticed when the dog or knocker struck the shifter, and reversed the motion, he would have had time to turn the wheel and return to his position before the knocker returned. He had evidently worked it without injury for at least two weeks, and, according to his own testimony, knew that if he placed his leg in that position, and kept it in there until the knocker came back, it would be caught.

We cannot escape the conclusion that his failure to avoid the danger was at least due to "inattention, indifference, absent-mindedness, forgetfulness," or "thoughtlessness," and consequently that "he was guilty of negligence which proximately contributed to his injury."— *Wood v. Richmond & D. R. Co.,* 100 Ala. 660, 13 South. 552; *L. & N. R. R. Co. v. Hall,* 87 Ala. 708, 719, 720, 6 South. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84. Consequently, the general affirmative charge should have been given in favor of defendant as requested.

It is unnecessary to consider other assignments of error.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded. All the Justices concur, save DOWDELL, C. J., not sitting.