# Sloss-Sheffield Steel & Iron Co. v. Reid.

## *Injury to Servant.*

(Decided February 11, 1915.   68 South. 136.)

1. *Master and Servant; Injury to Servant; Contributory Negligence.*—Where an employee was injured while cleaning an engine as the result of steam escaping from the boilers into the cylinders and starting the engine suddenly, and such employee was thoroughly experienced in handling stationary engines and thoroughly well acquainted with the particular engine, and knew its condition, and that its throttle valve had leaked steam into the cylinders for many years, and that this defect was all the time getting worse, and that the engine was liable to start at any moment, even with the throttle valve closed, and the cylinder cocks wide open, and knew that the crank was a dangerous place for his hand if the engine should start, and that his hand would probably be injured in that event, but nevertheless thoughtlessly and in disregard of this obvious and imminent danger placed his hand upon the crank in cleaning the engine, although this was wholly unnecessary, was guilty of contributory negligence as a matter of law.

2. *Same.*—It is the duty of the employee to use his senses, his attention and his reasoning faculties to conserve his own safety, and if from inattention, indifference, absentmindedness or forgetfulness, with knowledge of the conditions, he fails to inform himself or take necessary steps to avoid injury, he is negligent and cannot recover for such injury.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by J. M. Reid against the Sloss-Sheffield Steel & Iron Company, for damages for injury while engaged in its employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 184 Ala. 647, 64 South. 334.

The complaint alleges that plaintiff was employed by defendant in the operation of an engine for hoisting ores from its mine; that said engine had become defective; and that, while plaintiff was in the discharge of his duties in and about the operation of said engine, said engine suddenly started up by steam escaping from the boilers into the cylinders, and his hand was caught in the disk or side rod from said engine, and one of his fingers was cut off, etc. The causative defect charged is that the throttle valve leaked the steam from the boiler into the cylinders; the complaint being framed under subdivision 1 of the Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657-8665]).

Defendant filed numerous pleas setting up the assumption of risk and contributory negligence, among them, upon which the case was tried, was plea 22, as follows: Plaintiff was himself guilty of contributory negligence which proximately contributed to his said injury in this: Plaintiff well knowing that the steam valve or throttle was defective, as alleged, and that the engine was likely to or would probably start up while he was at work on the same, and that, should the said engine start while his arm or hand was on the disk or side rod on said engine, he would probably be injured, nevertheless plaintiff negligently placed his arm, which was injured, on said disk and side rod, and received his injury.

Pleas 18 and 19 are substantially the same as 22; plea 19 alleging that plaintiff placed his arm or hand on or dangerously near said disk or side rod.

The testimony for plaintiff bearing upon the issues made by the pleas was as follows: "I am a competent engineer, and have had a good deal of experience. I have been running a stationary engine about 30 years, and had run this engine, I suppose, for about 4 or 5 years altogether before this thing happened. I know it pretty well. * * * As soon as I got them to stop I turned loose the brake and went to wiping the engine. I had been wiping the engine, I guess, four or five minutes. I guess the engine was still about seven minutes before this happened, not over ten minutes. I had waste in both hands, and was wiping with my right hand. My left hand was on the crank that runs the main shaft of the engine that the side rod works on. I did not have it on the crank pin. I had it on the crank. I put my hand up that way. I put it up with the waste and stooped over to wipe the pillar block, and while I was in that position the engine whirled over. * * * I knew that the engine sometimes jumped back that way if the steam was strong. It would stand still if the steam was weak. I did not notice if it was strong or weak. I knew that it would turn over if the pressure was high. I had seen it do that. I had seen it run a day and never stop at all. I was in a hurry and never thought about what would happen if the engine revolved. I expect I knew that my hand would be hurt if the engine did move and turn over, and my hand was there in that position. I knew the engine might turn over. I was hurrying and not thinking about it; * * * was just going ahead at my work, and was not thinking about where I had my hand. My hand was up there in a place which was

dangerous when the engine turned over, but was not dangerous at all with the engine still. * * * I did not think how I was going to do it. I just unthoughtedly put my hand there and leaned over. * * * The fireman was keeping up pretty good steam. I did not testify on a former occasion that this would not occur if the cylinder cocks were wide open. I said it would occur. I reported to Mr. Harmon (the master mechanic) it was leaking so bad I could not control my engine, and he said, 'All right,' he would look after it right away. * * * I didn't have to use my left hand right at that time. * * * If the pressure was weak, it would stand sometimes. I knew the engine had been running that way for several years and getting worse all the time, and finally it got so bad I reported it to Mr. Harmon."

There were two former appeals in this case reported in 177 Ala. 262, 58 South. 301, and 64 South. 334, 184 Ala. 647, where other phases of the case are set out and discussed. The trial court refused to give the general charge as requested by defendant in writing. Numerous other rulings on evidence and charges were assigned, not necessary to be stated.

TILLMAN, BRADLEY & MORROW, and J. A. SIMPSON, for appellant.

PINKNEY SCOTT, for appellee.

SOMERVILLE, J.— (1) The evidence in this case establishes conclusively and without conflict the following facts: (1) The plaintiff was thoroughly experienced in handling stationary engines; (2) he was thoroughly well acquainted with this particular engine; (3) he thoroughly knew its condition, and that its throttle

valve had leaked steam into its cylinders for years, and that this defect was all the time getting worse; (4) he knew from constant observation and practical experience that the engine was liable to start at any moment, even with the throttle valve closed and the cylinder cocks wide open; (5) he knew that the crank was a dangerous place for his hand if the engine should start; (6) he knew that his hand would probably be injured in that event; (7) in discharging his duties with respect to cleaning the engine between car trips, it was wholly unnecessary for his hand to be placed on the crank; (8) his hand was placed on the crank thoughtlessly and in utter disregard of an obvious and imminent danger; and (9) this act proximately caused the injury complained of.

The personal testimony of the plaintiff himself establishes each and every one of these facts, and leaves nothing at all to inference. Clearly, so far as the issue of contributory negligence under pleas 18, 19, or 22 is concerned, that defense was conclusively proved, and there was nothing to be submitted to the jury.

From the facts predicated above, the law itself declares that the plaintiff has been guilty of such contributory negligence as to defeat his right of recovery.

As declared in *Woodward Iron Co. v. Marbut*, 183 Ala. 310, 62 South. 804: "The master is not required or expected to deal with his servant as with an automaton, as a person following a routine without intelligence. The servant may be expected to exercise some measure of intelligence and the instinct of self-preservation."

(2) It is the duty of the employee to use his senses, his reasoning faculties, and his attention for the conservation of his own safety; and if, with knowledge of the conditions about him, "from inattention, indif-

ference, absent-mindedness, or forgetfulness, he fails to inform himself, or fails to take the necessary steps to avoid the injury, this is negligence, and he should not recover."—*L. & N. R. R. Co. v. Hall*, 87 Ala. 708, 719, 6 South. 277, 282 (4 L. R. A. 710, 13 Am. St. Rep. 84). This doctrine has been quoted, approved, and applied in many of our cases in which contributory negligence has been imputed to the plaintiff, as a matter of law, and peremptory instructions for the defendant held proper.—*Wood v. R. & D. R. R. Co.*, 100 Ala. 661, 13 South. 552; *L. & N. R. R. Co. v. Banks*, 104 Ala. 508, 514, 16 South. 547; *Tuscaloosa W. Works Co. v. Herren*, 131 Ala. 84, 31 South. 444; *Kilby F. & S. Co. v. Jackson*, 175 Ala. 125, 57 South. 691. See, also, as strongly in point, *Wilson v. L. & N. R. R. Co.*, 85 Ala. 269, 4 South. 701; *So. Ry. Co. v. Arnold*, 114 Ala. 183, 191, 21 South. 954; *Coosa Mfg. Co. v. Williams*, 133 Ala. 606, 32 South. 232; *Brammer v. Pettyjohn*, 154 Ala. 616, 45 South. 646; *Warble v. Sulzberger Co.*, 185 Ala. 603, 64 South. 361.

In view of the undisputed evidence and the settled law, we are constrained to hold that the trial court erred in refusing to give for the defendant the general affirmative charge as requested. Others questions and issues are presented and argued, but we deem it unnecessary to discuss them. For the error noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.